UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA GUTIERREZ, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SANTA ROSA MEMORIAL HOSPITAL, et al.,<br><br>        Defendants. | Case No. 16-cv-02645-SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 41 |

Defendants' motion for a protective order is scheduled for a hearing on March 17, 2017. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES defendants' motion.

The first amended complaint alleges claims for violations of the federal Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, and negligence. Plaintiffs have noticed the deposition of "the person(s) most knowledgeable re all peer review proceedings pertaining to the events regarding CYNTHIA GUTIERREZ involving her care and treatment and lack thereof at SANTA ROSA MEMORIAL HOSPITAL." In conjunction with this notice, plaintiffs have also made a request for production of documents seeking writings, recordings, and reports that are part of the peer review process.

Defendant seeks a protective order preventing plaintiff from taking the noticed deposition and obtaining the peer review documents on the ground that the discovery is prohibited by the privilege set forth in California Evidence Code § 1157. Section 1157 provides that "[n]either the proceedings nor the records of organized committees of medical . . . staffs in hospitals . . . having

the responsibility of evaluation and improvement of the quality of care rendered in the hospital . . . shall be subject to discovery." *Pomona Valley Hosp. Med. Ctr. v. Superior Court*, 209 Cal. App. 4th 687, 693-94 (2012) (quoting Cal. Evid. Code § 1157(a)). The peer review privilege (also referred to as the self-critical analysis privilege) "embodies the [California] Legislature's belief that external access to peer investigations conducted by staff committees stifles candor and inhibits objectivity and that the quality of in-hospital medical practice is improved by insulating staff investigations with confidentiality." *Id.* (quotations omitted).

Pursuant to Federal Rule of Evidence 501, federal common law generally governs claims of privilege. "Where there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005). In *Agster*, the Ninth Circuit considered whether an Arizona state peer review privilege prohibited the disclosure of a "mortality review" regarding the death of a prisoner. The court noted that "[n]o case in this circuit has recognized the [medical peer review] privilege." The court declined to create a federal common law peer review privilege, finding it significant that "Congress has twice had occasion and opportunity to consider the privilege and not granted it either explicitly or by implication." *Id.*; *see also Leon v. Cnty. of San Diego*, 202 F.R.D. 631, 635-36 (S.D. Cal. 2001) ("In the context of other federal question cases, courts have found that section 1157's absolute bar on discovery is in conflict with the more liberal policy of discovery inherent in the Federal Rules."); *Love v. Permanente Med. Gp.*, No. C-12-05679 DMR, 2013 WL 4428806, at *3-4 (N.D. Cal. Aug. 15, 2013) (discussing cases addressing peer review privilege and holding that California privilege did not apply in case involving federal and state claims).

Defendant urges the Court to adopt the reasoning of several district courts which have held that state peer review privileges barred peer review discovery where the material sought was relevant only to state negligence claims and not to EMTALA claims. *See, e.g.*, *Bennett v. Kent County Mem. Hosp.*, 623 F. Supp. 2d 246 (D.R.I. 2009); *Guzman-Ibarguen v. Sunrise Hosp. & Med. Ctr.*, No. C-10-1228 PMP-GWF, 2011 WL 2149542 (D. Nev. June 1, 2011). However, the Court cannot reconcile those decisions with binding Ninth Circuit authority holding that federal privilege law applies to both federal and pendent state law claims in cases in which subject matter

2

jurisdiction is based on federal question jurisdiction. *See Agster*, 422 F.3d at 839. Further, based upon the present record, the Court cannot conclude that the discovery sought is irrelevant to the EMTALA claim.

Accordingly, the Court DENIES defendant's motion for a protective order.

**IT IS SO ORDERED**.

Dated: March 14, 2017

_____
SUSAN ILLSTON
United States District Judge