1  BARRY VOGEL, STATE BAR NO. 108640
   *bvogel@ljdfa.com*
2  BRETT SCHOEL, STATE BAR NO. 224212
   *BSchoel@ljdfa.com*
3  **LA FOLLETTE, JOHNSON,**
   **DE HAAS, FESLER & AMES**
4  655 University Avenue, Suite 119
   Sacramento, California 95825
5  Phone:       (916) 563-3100
   Facsimile:   (916) 565-3704
6
7  Attorneys for Defendants SANTA ROSA
   MEMORIAL HOSPITAL and ST. JOSEPH
   HEALTH
8
                UNITED STATES DISTRICT COURT OF CALIFORNIA
9
                        NORTHERN DISTRICT
10

| | |
|---|---|
| 11  CYNTHIA GUTIERREZ, JOSE HUERTA, SMH, RH and AH, | Case No.: 3:16-CV-02645-SI |
| 12 | **OPPOSITION TO PLAINTIFFS'** |
|          Plaintiffs, | **MOTION FOR ORDER GRANTING** |
| 13 | **LEAVE TO AMEND COMPLAINT** |
| 14  v. | **TO ADD NEWLY DISCOVERED FICTITIOUSLY NAMED PARTIES AND NEW CAUSES OF ACTION FOR FRAUD AND RECKLESS** |
| 15 | **NEGLECT** |
| 16  SANTA ROSA MEMORIAL HOSPITAL, ST. JOSEPH HEALTH and DOES 1-50, inclusive, | |
| 17 | Date:       June 30, 2017 |
| 18          Defendants. | Time:       9:00 a.m. |
|  | Courtroom.:  1 |
| 19 | Judge:      Honorable Susan Illston |
| 20 | MSC Date:    Not set |
|  | Pre-Trial Conf: 10/10/17 |
| 21 | Trial Date:  10/23/17 |

22          COME NOW Defendants SANTA ROSA MEMORIAL HOSPITAL and ST. JOSEPH

23  HEALTH SYSTEM (collectively "Defendants") and submit their Opposition to Plaintiffs'

24  Motion for Order Granting Leave to Amend Complaint to Add Newly Discovered Fictitiously

25  Named Parties and New Causes of Action for Fraud and Reckless Neglect.[1] As grounds

26  _____

27  [1] Please see Section F below for a full explanation as to the untimeliness of Defendants'
28  Opposition.

therefor, Defendants state Plaintiffs' Motion will result in substantial prejudice to Defendants and is unduly delayed, in bad faith, and futile.

## I.    INTRODUCTION

On February 25, 2015 at 0300, Cynthia Gutierrez presented to the Santa Rosa Memorial Hospital emergency department with complaints of congestion, cough, nerve pain, and shortness of breath. She suffered from longstanding medical conditions, which included diabetes and end-stage renal disease. At or around 0700, once the physicians believed Ms. Gutierrez was stable, she was discharged. At some point after her discharge, Ms. Gutierrez collapsed in the waiting room and required resuscitation. She was transferred to the intensive care unit and eventually to the Kentfield Rehabilitation Center.

## II.    LEGAL ARGUMENT

In federal court, the right to amend a complaint after a responding pleading has been filed, is governed by Federal Rule of Civil Procedure 15(a)(2). Generally, leave to amend is freely given "when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend is not automatic, and the right to do so is within the sound discretion of the court. *Zenith Radio Corp v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971). The factors considered when determining if a Motion to Amend is appropriate are: "(1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of the amendment." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (citing *Loehr v. Ventura County Community College District*, 743 F.2d 1310, 1319 (9th Cir. 1984).) Finally, a court may, in its discretion, deny an amendment if it would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### A. Defendants Take Do Not Oppose Amendment to Add New Defendants

Plaintiffs' Motion seeks leave to name additional defendants, specifically, the emergency department physicians who treated Ms. Gutierrez, Dr. Elliot Brandewene and Dr. Stewart Lauterbach, as well as their medical group, TeamHealth/Chase Dennis. Defendants Santa Rosa Memorial Hospital and St. Joseph Health System do not oppose the addition of these defendants.

**B. Plaintiffs' Motion to Amend Fails to Address, Explain, or Provide Any Argument as to Why the Two New Causes of Action Should be Permitted.**

As an initial matter, Plaintiffs' Motion to Amend does not in any way address the two causes of action they wish to add as part of their Second Amended Complaint. Plaintiffs have utterly failed to explain why their amendment should be permitted. They offer no explanation or analysis as to why Defendants would not experience substantial prejudice as a result of adding two causes of action, at least one of which completely changes the nature of this litigation. As noted above, leave to amend "is not automatic" and an explanation or argument as to why amendment should be permitted must be presented by the party requesting leave to do so. Here, Plaintiffs appear to have assumed amendment is automatic and have provided no explanation or argument in their favor for the Court to consider. For this reason, Plaintiffs' Motion to Amend is deficient, and Defendants respectfully request this Court deny the Motion to Amend.

**C. The Proposed Causes of Action for Fraud and Reckless Neglect Are Both Futile and Therefore Plaintiff's Motion to Amend Should Be Denied**

A court has discretion to deny a motion to amend if the proposed amendment would add causes of action, which would be an exercise in futility for the court. *Foman* 371 U.S. at 182. The permissibility of a "new issue, never even suggested before, lies in the sound discretion of the trial court." *Lamar* 577 F.2d at 955. It is not an abuse of discretion for a Court to deny amendment if the new causes of action would be futile. *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989) (*citing Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir. 1985); *Wimes v. Eaton Corp.*, 573 F.Supp. 331, 335 (E.D. Wis. 1983). An amendment is futile if "it could be defeated on a motion for summary judgment." *Gabrielson* 785 F.2d at 766.

**1.** Plaintiffs' proposed reckless neglect cause of action would be defeated by a motion for summary judgment and therefore, this amendment should be denied**.**

Plaintiffs' Proposed Second Amended Complaint improperly includes Reckless Neglect as the Third Cause of Action. This is not an independent cause of action in California,

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER GRANTING LEAVE TO AMEND COMPLAINT TO ADD NEWLY DISCOVERED FICTITIOUSLY NAMED PARTIES AND NEW CAUSES OF ACTION FOR FRAUD AND RECKLESS NEGLECT                                    3:16-CV-02645-SI

but rather an element of the Elder Abuse and Dependent Adult Civil Protection Act found at Welfare and Institutions Code §§ 15600 et seq. On two separate occasions, Plaintiffs have attempted to argue Ms. Gutierrez was a dependent adult. As noted by this Court, there is no support in the code for such an expansive definition of "dependent adult." On or about December 13, 2016, this Court granted Defendants' Motion to Dismiss Plaintiffs' claim under the Elder Abuse and Dependent Adult Civil Protection Act without leave to amend. Plaintiffs' attempt to add a "reckless neglect" cause of action is an attempted end run around the Court's previous decision. Therefore, as the cause of action for reckless neglect would be futile, and is directly related to a cause of action already dismissed by this Court, Defendants respectfully request this Court deny the Motion to Amend to add this "cause of action."

2.  Plaintiffs' proposed fraud cause of action would be defeated by a motion for summary judgment and therefore, this amendment should be denied.

Plaintiffs' Proposed Second Amended Complaint includes a meritless claim for fraud as the Fourth Cause of Action. As with the claim for reckless neglect, this cause of action is futile as it would be defeated on a motion for summary judgment.

On September 6, 2016, Plaintiffs' propounded their Requests for Production of Documents, Set One ("RFPD"), upon Defendants. *See* Declaration of Brett Schoel ("Schoel Declaration") at ¶ 3. Three days later, on September 9, 2016, Defendants produced, what they believed at the time was a full set of Ms. Gutierrez' medical records from Santa Rosa Memorial Hospital. *See* Schoel Declaration at ¶¶ 4 & 5. These were the same records Defendants' counsel, Brett Schoel, and the law office of La Follette Johnson, were using in their work on this case. *See* Schoel Declaration at ¶¶ 5 & 6. In La Follette Johnson's review of the records, the references in several areas to "Dr. Lauterbach's note that food was aspirated," "gastroparesis," "aspiration pneumonia," "resp obstr-food inhal," and "pneumonitis due to inhalation of food and vomit" led to confusion, as counsel could not locate such a note by Dr. Lauterbach in the records. *See* Schoel Declaration at ¶¶ 7 & 8. As Dr. Lauterbach is neither a party to this action nor an employee of Defendants, to prevent a potential violation of the

Health Insurance Portability and Accountability Act of 1996 (HIPAA), Defendants noticed his deposition. *See* Schoel Declaration at ¶ 9.

During the deposition, Plaintiffs' counsel, Doug Fladseth, noted on the record Mr. Schoel informed him "that he was not able to find" Dr. Lauderbach's note, and further asked Mr. Fladseth if he "even had that as part of the records that he'd [sic] been produced." *See* Schoel Declaration at ¶ 10. Dr. Lauderbach brought with him to the deposition a copy of the Patient Care Record dated February 25, 2015 (in the pDoc format), which included the addendum. Schoel Deposition at ¶ 11. The deposition went forward but was ended abruptly prior to completion due to Mr. Fladseth's desire to review peer review materials and the newly discovered addendum prior to completing his questioning of Dr. Lauderbach. *See* Schoel Declaration at ¶ 12.

After conclusion of Dr. Lauterbach's deposition, Defendants' counsel immediately began investigating why the medical records did not appear to be complete. *See* Schoel Declaration at ¶ 13. Upon further investigation, it was determined the medical records, which were produced to Defendants' counsel and subsequently, Plaintiffs' counsel, were printed in what is referred to as the custom ITS (imaging therapeutic services) format. *See* Declaration of Shari Titus ("Titus Declaration") at ¶ 3. This format was created as a way to quickly pull and print all reports created in ITS as opposed to having to pull each individually. *See* Titus Declaration at ¶ 4. Upon discovery and investigation into this matter, it was determined a glitch caused the report to print with a header called "addendum," however the information continued therein was from the original report, not the addendum. *See* Titus Declaration at ¶ 5. The electronic medical record used by providers in the hospital was not affected by this glitch and information in addendums was available to the providers in the electronic medical records. *See* Titus Declaration at ¶ 5. It was only recently the third-party vendor responsible for printing medical records for Santa Rosa Memorial Hospital and the hospital's Health Information Management staff learned the custom ITS report did not also include the addendums. *See* Titus Declaration at ¶ 6. Santa Rosa Memorial Hospital and Petaluma Valley Hospital were the only

ministries (hospitals in the St. Joseph Health System) using this custom report. *See* Titus Declaration at ¶ 6.

The undisputed facts are: (1) the omission was an unintentional error which has been corrected; (2) Defendants were unaware of this glitch until Dr. Lauterbach's deposition; (3) the records in Defendants' possession were identical to those produced to Plaintiffs; (4) the complete records in the pDoc format have been printed and will be provided to Plaintiffs; and (5) this error and the explanation as to why it occurred has been outlined for Mr. Fladseth. *See* Schoel Declaration at ¶ 15.

Further, Plaintiffs' proposed cause of action for fraud contains allegations, including, but not limited to administration of Dilaudid, which are related to the medical malpractice claims against Defendants, and irrelevant to a claim of fraud. The allegations the addendum about food in the endotracheal tube was "intentionally concealed" and "it is the first and only document produced to date, including more than 30,000 documents previously produced by the hospital, that claim that during CPR, food was found to be obstructing Cynthia Gutierrez's [sic] airway" is patently false. *See* Schoel Declaration at ¶ 7 & 8. The medical records, which were provided to Plaintiffs in response to their Request for Production of Documents were identical to the ones Defendants had and, as noted above, contain several references to either the addendum or food in Ms. Gutierrez' airway. *See* Schoel Declaration at ¶ 7 & 8. Finally, Plaintiffs' claim of fraud is nonsensical as the information contained in the records, which Plaintiffs claim were "intentionally concealed," are supportive of Defendants' contention Ms. Gutierrez' collapse was not caused by the medical care provided at Santa Rosa Memorial Hospital.

The cause of action for fraud would be futile as it would be defeated by a motion for summary judgment. Plaintiffs have been informed of the reason for the omission and were aware of these facts prior to requesting leave to amend. Therefore, as Plaintiffs' Cause of Action for Fraud is futile, Defendants respectfully request this Court deny the Motion to Amend.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER GRANTING LEAVE TO AMEND
COMPLAINT TO ADD NEWLY DISCOVERED FICTITIOUSLY NAMED PARTIES AND NEW CAUSES OF
ACTION FOR FRAUD AND RECKLESS NEGLECT                                    3:16-CV-02645-SI

**D. Plaintiffs' Motion to Amend to Add Two New Causes of Action is Unduly Delayed and Therefore Should Be Denied**

The Court has discretion to deny a party's request to amend if the opposing party would suffer substantial prejudice if the amendment is granted. *United Union* 919 F.2d at 1402. Unexplained delay is not dispositive; however, it is still significant. *Epis, Inc. v. Fid. & Guar. Life Ins. Co.*, 156 F.Supp.2d 1116, 1132-33 (*citing Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Finally, "whether a litigant should be permitted belatedly to tender an entirely new issue, never even suggested before, lies in the sound discretion of the trial court." *Lamar v. American Finance System of Fulton County, Inc.*, 577 F.2d 953, 955 (5th Cir. 1978).

While delay alone is not dispositive when a court is considering a motion to amend, it is significant, especially when viewed in light of the futility of the Plaintiffs' requested amendment to add two causes of action as noted in Section C above. If Plaintiffs had reviewed Ms. Gutierrez' medical records, they would have noted, as Defendants did, there were references to the unintentionally omitted addendum and/or note. *See* Schoel Declaration at ¶ 7 & 8. Further, as noted above, it was at or around the time of the deposition of Dr. Lauterbach when both Plaintiffs and Defendants learned of the printing error that caused the inadvertent omission from the record, which is the basis for Plaintiffs' claims of fraud and reckless neglect. *See* Schoel Declaration at ¶ 10 & 11. It appears Plaintiffs delayed performing review of the medical record. Then, after learning about the error at Dr. Lauterbach's deposition, and despite Plaintiffs' knowledge as to the cause of the inadvertent omission, they waited until two months had passed to file this Motion to Amend, all the while implying they only wished to add additional defendants. *See* Schoel Declaration at ¶ 16-23.

Therefore, as Plaintiffs have unduly delayed filing their motion, which Motion they are aware is baseless, Defendants respectfully request this Court deny the Motion to Amend.

**E. The Addition of the Two Proposed Causes of Action Would Substantially Prejudice Defendants and Therefore Should Be Denied**

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER GRANTING LEAVE TO AMEND COMPLAINT TO ADD NEWLY DISCOVERED FICTITIOUSLY NAMED PARTIES AND NEW CAUSES OF ACTION FOR FRAUD AND RECKLESS NEGLECT                                          3:16-CV-02645-SI

1    Defendants would be substantially prejudiced if leave is granted for Plaintiffs to amend

2    their complaint to add claims of reckless neglect and fraud. First, the addition of these causes

3    of action, are unduly delayed as Plaintiffs knew or should have known of them at or around

4    the time they received the medical records from Defendants. If Plaintiffs had been diligent in

5    their handling of this matter, the discrepancy would have been discovered at or before the time

6    it was discovered by Defendants. At this point, the addition of these two causes of action would

7    completely change the nature of this case since they add intentional torts and further claims

8    for punitive damages. It has been clearly explained to Plaintiff that the additional allegations

9    and proposed amendment is untenable. Further, granting leave to amend would result in

10   substantial prejudice as it would require extensive expenditure of time and money to file a

11   motion for summary judgment as to the two new causes of action, which are undeniably futile

12   based upon a previous ruling of the Court and the Plaintiffs' own knowledge as to the facts in

13   this matter. While the Federal Rules of Evidence favor a matter to be heard on the merits, it

14   does not favor bringing an action that has no merit.

15   Therefore, as the Plaintiffs' proposed amendment would cause Defendants to suffer

16   substantial prejudice, Defendants respectfully request this Court deny the Motion to Amend.

17   **F.  Reason for Untimeliness of Opposition**

18   On May 18, 2017, Defendants received Plaintiffs' Motion Amend. *See* Declaration of

19   Lynetta Goodwin ("Goodwin Declaration") at ¶ 3. Upon receipt, Lynetta Goodwin, Legal

20   Secretary to Brett Schoel, calendared the June 30, 2017, hearing date for the Motion to Amend

21   into the Prolaw calendaring program, which calculated the due date for the Opposition as June

22   22, 2017. *See* Goodwin Declaration at ¶ 3. This was the standard practice for calendaring dates

23   in Prolaw. *See* Goodwin Declaration at ¶ 4. On June 13, 2017, it was discovered that an error

24   had been made as to the due date of the Opposition. *See* Goodwin Declaration at ¶ 5. Plaintiffs

25   and Defendants agreed to enter into a Stipulation By All Parties to a New Filing Schedule RE:

26   Plaintiffs' Motion for Order Granting Leave to Amend Complaint. *See* Goodwin Declaration

27   at ¶ 6. The Stipulation was filed on June 13, 2017. *See* Goodwin Declaration at ¶ 6. La Follette

28

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER GRANTING LEAVE TO AMEND
COMPLAINT TO ADD NEWLY DISCOVERED FICTITIOUSLY NAMED PARTIES AND NEW CAUSES OF
ACTION FOR FRAUD AND RECKLESS NEGLECT                                    3:16-CV-02645-SI

1   Johnson has taken steps to avoid this error in the future including opening an official ticket

2   with Prolaw requesting investigation and correction of the error. *See* Goodwin Declaration at

3   ¶ 7

4                              **III.    CONCLUSION**

5          Plaintiffs' motion to amend the complaint to add a Third Cause of Action for Reckless

6   Neglect and Fourth Cause of Action for Fraud, must be denied. Plaintiffs' presented neither

7   an argument nor explanation as to why these heretofore unheard allegations would not cause

8   Defendants to suffer substantial prejudice. Both actions are futile and would be defeated by a

9   motion for summary judgment. Said motion would be based upon both a prior ruling of this

10  Court and facts, which are presently within Plaintiffs' knowledge. The futility of amendment

11  in conjunction with the undue delay and bad faith in requesting leave to amend would cause

12  Defendants to suffer substantial prejudice by completely changing the nature of the case.

13         Therefore, for the reasons set forth above, Defendants respectfully request this Court

14  DENY Plaintiffs' Motion for Order Granting Leave to Amend Complaint to Add New Causes

15  of Action for Fraud and Reckless Neglect.

16                                        Respectfully submitted,

17  Dated: June 13, 2017                  LA FOLLETTE, JOHNSON,
                                          DE HAAS, FESLER & AMES
18

19

20  By: ___/s/_____
                                          BRETT SCHOEL
21                                        Attorneys for Defendants SANTA ROSA
                                          MEMORIAL HOSPITAL and ST.
22                                        JOSEPH HEALTH

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER GRANTING LEAVE TO AMEND
COMPLAINT TO ADD NEWLY DISCOVERED FICTITIOUSLY NAMED PARTIES AND NEW CAUSES OF
ACTION FOR FRAUD AND RECKLESS NEGLECT                          3:16-CV-02645-SI