BARRY VOGEL, STATE BAR NO. 108640
bvogel@ljdfa.com
BRETT SCHOEL, STATE BAR NO. 224212
BSchoel@ljdfa.com
**LA FOLLETTE, JOHNSON,
DE HAAS, FESLER & AMES**
655 University Avenue, Suite 119
Sacramento, California 95825
Phone:      (916) 563-3100
Facsimile:  (916) 565-3704

Attorneys for Defendants SANTA ROSA MEMORIAL HOSPITAL and ST. JOSEPH HEALTH

UNITED STATES DISTRICT COURT OF CALIFORNIA

NORTHERN DISTRICT

| | |
|---|---|
| CYNTHIA GUTIERREZ, JOSE HUERTA, SMH, RH and AH,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA ROSA MEMORIAL HOSPITAL, ST. JOSEPH HEALTH and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 3:16-CV-02645-SI<br><br>**DECLARATION OF BRETT SCHOEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER GRANTING LEAVE TO AMEND COMPLAINT TO ADD NEWLY DISCOVERED FICTITIOUSLY NAMED PARTIES AND NEW CAUSES OF ACTION FOR FRAUD AND RECKLESS NEGLECT**<br><br>Date:         June 30, 2017<br>Time:         9:00 a.m.<br>Courtroom.:   1<br>Judge:        Honorable Susan Illston<br><br>MSC Date:        Not set<br>Pre-Trial Conf: 10/10/17<br>Trial Date:      10/23/17 |

I, Brett Schoel, declare as follows:

1.      I am an attorney duly licensed to practice law in all courts of the State of California and admitted to appear before this Court. I am a shareholder at the law firm of La Follette, Johnson, DeHaas, Fesler & Ames, attorneys of record for Santa Rosa Memorial Hospital and St. Joseph Health System (collectively, "Defendants").

---

1

2.     I make this declaration in support of Defendants' Opposition to Plaintiffs' Motion for Order Granting Leave to Amend Complaint to Add Newly Discovered Fictitiously Named Parties and New Causes of Action for Fraud and Reckless Neglect ("Opposition"). I have personal knowledge of the facts set forth below, or for those matters of which I do not have personal knowledge, I state them upon information and belief, and if called as a witness I could and would competently testify thereto.

3.     On or about September 6, 2016, my office received a Request for Production of Documents from Plaintiffs, which included a single request for Cynthia Gutierrez' Medical Records. A true and correct copy of the Request for Production of Documents is attached hereto as Exhibit A.

4.     Three days later, on or about September 9, 2016, my office responded to the request and provided Plaintiffs with a copy of the medical records. A true and correct copy of the Response to the Request for Production of Documents is attached hereto as Exhibit B.

5.     At the time, it was my understanding that the records we had, and which we produced to Plaintiffs, were a full and complete copy of Ms. Gutierrez' medical records from Santa Rosa Memorial Hospital.

6.     My office and I began our review and workup of the case, which necessarily included extensive and thorough review of the medical records (more than 30,000 pages), which were identical to the records produced to Plaintiffs.

7.     During review of the records, I noted two hospitalist progress notes wherein the physician referred to a comment by Dr. Stewart Lauterbach about food found in the endotracheal tube during the resuscitation at issue; however, Dr. Lauterbach's Patient Care Record dated February 25, 2015, in the <u>ITS format</u> did not include said comment. A true and correct copy of Ms. Gutierrez' medical record, Bates SRMH019155, SRMH019176 and SRMH-P199 are attached hereto as Exhibit C.

8.     During review of the records I also noted references to "pneumonitis due to inhalation of food and vomit," "aspiration pneumonia," "incis w rem of foreign body," "food/vomit pneumonitis," "gastroparesis," "resp obstr-food inhal," "aspiration into airway …

due to gastroparesis and subsequent cardio-respiratory arrest," and "severe gastroparesis." A true and correct copy of Ms. Gutierrez' medical record, Bates SRMH000003, SRMH000231, SRMH018507, SRMH018508, and SRMH019193 are attached hereto as Exhibit D.

9.  As the treating physicians were neither hospital employees nor defendants in this action, Ms. Gutierrez' right to privacy and the Health Insurance Portability and Accountability Act of 1996 necessitated that I notice the depositions of Dr. Lauterbach and Dr. Elliot Brandewene, so I could inquire generally into the care they provided to Ms. Gutierrez and specifically into the references in the record to the comment by Dr. Lauterbach. Both physicians were represented by their own counsel at the deposition.

10. As is noted in the transcript of the deposition of Dr. Lauterbach, I informed Plaintiffs' counsel I was unable to locate any addendum or note by Dr. Lauterbach in the medical records and asked if he had a copy of it in his records. A true and correct copy of the excerpt from Dr. Lauterbach's March 22, 2017, deposition is attached hereto as Exhibit E.

11. Dr. Lauterbach brought a copy of his Patient Care Record dated February 25, 2015, to the deposition (the pDoc version) and it included the comment in question. A true and correct copy of his Patient Care Report provided as Exhibit B to the Deposition of Dr. Lauterbach is attached hereto as Exhibit F.

12. On March 14, 2017, this Court rendered its decision as to the discoverability of the Defendants' peer review materials. As of the date of Dr. Lauterbach's deposition, Defendants had not yet completed production of those materials to Plaintiffs because Defendants were still contemplating whether to appeal the recent order. At the deposition, Plaintiffs' counsel, Doug Fladseth, stated on the record he wanted to reserve his right to re-depose the physicians if his review of the records necessitated it, both because he did not yet have the peer review materials and the recently discovered fact the medical records were not complete. After a lengthy discussion on the record, because Mr. Fladseth would not commit to completing his examination of the physicians that day, the deposition was terminated at the request of the physicians' counsel. A true and correct copy of the excerpt of Dr. Lauterbach's March 22, 2017, deposition is attached hereto as Exhibit G.

3

DECLARATION OF BRETT SCHOEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR ORDER GRANTING LEAVE TO AMEND COMPLAINT                    3:16-CV-02645-SI

13. After conclusion of the deposition, I immediately began investigating why the medical records provided to us by the hospital did not appear to be complete.

14. As set forth more fully in the Declaration of Shari Titus, I learned that the failure to print the addendum in the ITS report amounted to nothing more than a software glitch that Defendants were unaware of until Dr. Lauterbach's deposition.

15. I informed Mr. Fladseth of the results of my investigation. I explained the records provided by the Defendants to both my office and subsequently to Plaintiffs were identical and the omission was unintentional secondary to a glitch in the electronic medical records software. I have explained the computer glitch and the difference between the nonstandard ITS format and standard pDoc format to Mr. Fladseth.

16. During a telephone conversation on the evening before the March 30, 2017, deposition of Mr. Gutierrez, Mr. Fladseth informed me he was intending to name Dr. Lauterbach and Dr. Brandewene as Defendants and requested we take his client's deposition off calendar.

17. I agreed as long as we consented to vacate the current trial date and continue the discovery deadlines, as the discovery deadline at that time was May 31, 2017, and it had already taken a few months to arrange Mr. Gutierrez' deposition. Mr. Fladseth agreed.

18. On April 10, 2017, I contacted Mr. Fladseth via email as I had received a deposition notice for my client. I indicated it was my understanding we had vacated Mr. Gutierrez' deposition to avoid him being deposed a second time after the new defendants were named, and to provide my clients the same protection, I informed him I was going to object to the notices. I again noted my understanding he was intending to bring in new parties and suggested staying discovery until we could obtain a continuance from the Court. A true and correct copy of my email to Mr. Fladseth dated April 10, 2017 at 7:14 p.m. is attached hereto as Exhibit H.

19. On April 11, 2017, Mr. Fladseth asked the physicians' attorney if he would be willing to accept service on behalf of his clients and their medical group. A true and correct copy of the email from Mr. Fladseth to James Nelson, on which I am carbon copied, dated

4

DECLARATION OF BRETT SCHOEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER GRANTING LEAVE TO AMEND COMPLAINT                           3:16-CV-02645-SI

1  April 11, 2017 at 5:31 p.m. is attached hereto as Exhibit I.

2  20. On April 21, 2017, I emailed Mr. Fladseth to remind him the discovery cutoff
3  was May 31 and inform him I would be willing to stipulate to vacate the trial date and continue
4  the discovery deadlines, but noted something needed to be filed with the Court. His only
5  response was to discuss if the physicians' attorney was willing to accept service of the
6  amended complaint and request the peer review materials. I responded regardless of what the
7  physicians' attorney decided, we needed to file something with the Court. He requested I draft
8  the stipulation to continue discovery, I reluctantly agreed. There was still no mention of two
9  new causes of action. A true and correct copy of the email chain between Mr. Fladseth and
10 me, dated April 21, 2017 from 11:32 a.m. through 12:22 p.m. is attached hereto as Exhibit J.

11 21. On May 5, 2017, Mr. Fladseth asked if the physicians' attorney and I would
12 stipulate to adding the new defendants, I noted we could not stipulate but would not oppose
13 the addition of the additional Defendants. Mr. Fladseth still had made no mention of his intent
14 to add two additional causes of action to the complaint. A true and correct copy of the email
15 chain between Mr. Fladseth and me, dated May 5, 2017 from 2:28 p.m. through 2:37 p.m. is
16 attached hereto as Exhibit K.

17 22. On May 12, 2017, Mr. Fladseth's office provided me with a copy of his proposed
18 stipulation and Joint Case Conference Report. I informed him it appeared we had a serious
19 misunderstanding and also noted this was the first time I had heard anything about the new
20 causes of action. A true and correct copy of my email to Mr. Fladseth dated May 12, 2017 at
21 2:59 p.m. is attached hereto as Exhibit L.

22 23. At no time did I, nor would I, stipulate to add a cause of action against my clients.

23 I declare under penalty of perjury, under the laws of the State of California that the
24 foregoing is true and correct to the best of my own personal knowledge. Executed in
25 Sacramento, California on the date below.

26
27 Date: June 13, 2017                            _____
28                                                Brett Schoel