B



PAPER:
PROLAW:
OUTLOOK:

1  BARRY VOGEL, STATE BAR NO. 108640
   *bvogel@ljdfa.com*
2  BRETT SCHOEL, STATE BAR NO. 224212
   *BSchoel@ljdfa.com*
3  **LA FOLLETTE, JOHNSON,**
   **DE HAAS, FESLER & AMES**
4  655 University Avenue, Suite 119
   Sacramento, California 95825
5  Phone:      (916) 563-3100
   Facsimile:  (916) 565-3704
6
   Attorneys for Defendants SANTA ROSA
7  MEMORIAL HOSPITAL and ST. JOSEPH
   HEALTH
8
                    UNITED STATES DISTRICT COURT OF CALIFORNIA
9
                              NORTHERN DISTRICT
10

11  CYNTHIA GUTIERREZ, JOSE HUERTA,          Case No.: 3:16-CV-02645-SI
    SMH, RH and AH,
12
                    Plaintiffs,             **RESPONSE TO REQUEST FOR**
13                                          **PRODUCTION OF DOCUMENTS,**
    v.                                      **SET ONE**
14
    SANTA ROSA MEMORIAL HOSPITAL,
15  ST. JOSEPH HEALTH and DOES 1-50,         Honorable Susan Illston
    inclusive,
16
                    Defendants.
17

18

19  PROPOUNDING PARTY:        PLAINTIFFS CYNTHIA GUTIERREZ, JOSE HUERTA,
                              SMH, RH and AH
20
    RESPONDING PARTY:         DEFENDANTS,    SANTA    ROSA    MEMORIAL
21                            HOSPITAL and ST. JOSEPH HEALTH

22  SET NO.:                  ONE

23              **GENERAL STATEMENTS AND OBJECTIONS**

24       Defendants respond to Plaintiffs' Request for Production (Set One) as follows:  The

25  following responses are given while discovery is in progress and are given without prejudice

26  to producing at trial subsequently discovered documents or documents omitted from these

27  responses as a result of mistake, inadvertence, or good faith oversight.

28  / / /

1    These responses bear the same number as the request being answered or appear

2  immediately after the request.

3                              **GENERAL STATEMENTS**

4    1.    Responding Party has not completed discovery, the investigation of the facts,

5  witnesses, or documents, the analysis of available information, or the preparation for

6  arbitration or trial in this case. Responding Party reserves the right to supplement or amend

7  these responses in the event that any facts, documents or other evidence may be subsequently

8  discovered.

9    2.    These responses are made without prejudice to Responding Party's right to

10  introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

11    3.    These responses are made without prejudice to Responding Party's right to

12  supplement or amend these responses in the event that any information previously available to

13  Responding Party may have been omitted by oversight, inadvertence, or good faith error or

14  mistake.

15    4.    Except for the facts explicitly stated herein, no incidental or implied admissions

16  are intended.

17    5.    Responding Party expressly reserves:

18    5.1    All objections regarding the competency, relevance, materiality, probative value

19          and admissibility of all information provided, documents produced and the

20          contents thereof;

21    5.2    All objections as to vagueness, ambiguity, unintelligibility and overbreadth.

22    6.    Nothing herein shall be construed as an admission by Responding Party

23  regarding the admissibility or relevance of any fact or document or of the truth or accuracy of

24  any characterization contained in Propounding Party's discovery requests.

25    7.    These responses are signed by counsel only as to the objections set forth in the

26  response.  Responding Party specifically claims the attorney-client privilege and/or the

27  attorney-work product privilege as to each and every response set forth herein.

28    8.    The fact that part or all of any discovery request has been answered should not

2

1  be construed to be a waiver of any objection to any discovery request.

2  Responding Party responds to each and every discovery request subject to the

3  foregoing, and each of the foregoing statements and objections are incorporated by reference

4  into each of the following responses:

5  **WRITTEN RESPONSES**

6  **REQUEST FOR PRODUCTION NO. 1:**

7  Any and all "writings" in any way related to this case regarding CYNTHIA

8  GUTIERREZ [as defined in Evidence Code § 250], including, but not limited to any and all

9  paper, electronic, digital, film & otherwise recorded or imaged information.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

11  Objection.  Responding party objects to the Request to the extent that it calls for the

12  production of documents protected by the attorney-client privilege and the attorney work-

13  product doctrine.  Without waiving said objection, responding party attaches a copy of the

14  medical records pertaining to Cynthia Gutierrez from Santa Rosa Memorial Hospital on a CD

15  attached hereto as Exhibit "A".

16  **REQUEST FOR PRODUCTION NO. 2:**

17  Any and all original records regarding CYNTHIA GUTIERREZ, including but not

18  limited to, medical records and charts, x-rays and x-ray reports, notes, correspondence, billings,

19  memoranda, facsimile and electronic transmission messages and including, but not limited to,

20  any and all WRITINGS, in their native format, regarding the Santa Rosa Memorial Hospital

21  Emergency visit record of CYNTHIA GUTIERREZ on February 25, 2015, including but not

22  limited to: any and all nursing assessments, nurses' notes, triage nursing, laboratory testing,

23  impressions, exit writer, consultations, and discharge instructions.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

25  Responding party produces all documents in its possession from Santa Rosa Memorial

26  Hospital pertaining to Cynthia Gutierrez on a CD attached hereto as Exhibit "A".

27  ///

28  ///

1    Dated:   September  9, 2016                LA FOLLETTE, JOHNSON,
                                               DE HAAS, FESLER & AMES
2

3                                              By: _____
                                                   BRETT SCHOEL
4                                                  Attorneys for Defendants SANTA ROSA
                                                   MEMORIAL HOSPITAL and ST.
5                                                  JOSEPH HEALTH

6

7                          **VERIFICATIONS TO FOLLOW**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"



**PROOF OF SERVICE**

RE:    GUTIERREZ v. SANTA ROSA MEMORIAL HOSPITAL, et al.
       UNITED STATES DISTRICT COURT, NOTHERN DISTRICT CASE NO.
       3:16-CV-02645

        I am a citizen of the United States and a resident of the County of Sacramento.  I am over the age of 18 years and not a party to the within above-entitled action; my business address is 655 University Avenue, Suite 119, Sacramento, California 95825.

        I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California after the close of the day's business.

        On the date below I caused to be served the within document entitled:

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

☒    **BY MAIL:** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California to the offices of the addressee(s) listed below:

☐    **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐    **BY OVERNIGHT DELIVERY:** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐    **BY FACSIMILE:**  by transmitting by facsimile to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

Douglas C. Fladseth                         707-545-2600
LAW OFFICES OF DOUGLAS C. FLADSETH          707-545-0552 Fax
1160 North Dutton Avenue, Suite 180
Santa Rosa, CA 94501                        **Attorney for Plaintiffs Cynthia
                                            Gutierrez, Jose Huerta, SMH,
                                            RH and AH**

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

        Executed on September 9 , 2016, at Sacramento, California.

                                            _____
                                            Bonnie Crocker

*Re:  Gutierrez v. Santa Rosa Memorial Hospital, et al.*

## VERIFICATION

I, the undersigned say:

I have read the foregoing **RESPONSE TO REQUEST FOR PRODUCTION, SET ONE.**

[ ]   I am a party to this action.  The matters stated in it are true to my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[X]   I am the Interim Area Risk Manager and an authorized agent of defendant Santa Rosa Memorial Hospital in this action and make this verification for that reason.  I am informed and believe and on that ground allege that the matters stated in it are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ⟨11th⟩ day of September, 2016, at Orange, California.

_____

Leigh Ann Yates
Interim Area Risk Manager
SANTA ROSA MEMORIAL HOSPITAL