

Atkinson-Baker Court Reporters
www.depo.com

```
 1              UNITED STATES DISTRICT COURT

 2             NORTHERN DISTRICT OF CALIFORNIA

 3                        - - -

 4  CYNTHIA GUTIERREZ, JOSE HUERTA,  )
    SMH, RH and AH,                  )
 5                                   )
                    Plaintiffs,      )
 6                                   )
            vs.                      )  No. 4:16-cv-02645-DMR
 7                                   )
    SANTA ROSA MEMORIAL HOSPITAL,    )
 8  ST. JOSEPH HEALTH and DOES 1-50, )
    inclusive,                       )
 9                                   )
                    Defendants.      )
10  ---------------------------------

11

12

13

14

15                    DEPOSITION OF

16              STEWART LAUTERBACH, M.D.

17                SANTA ROSA, CALIFORNIA

18                   MARCH 22, 2017

19

20

21
    ATKINSON-BAKER, INC.
22  COURT REPORTERS
    (800) 288-3376
23  www.depo.com

24  REPORTED BY:    MICHELLE D. BARBANTE, CSR NO. 12601

25  FILE NO.:   AB02108
```

1

Atkinson-Baker Court Reporters
www.depo.com

```
                UNITED STATES DISTRICT COURT

               NORTHERN DISTRICT OF CALIFORNIA

                          - - -

 CYNTHIA GUTIERREZ, JOSE HUERTA,  )
 SMH, RH and AH,                  )
                                  )
                     Plaintiffs,  )
                                  )
           vs.                    )   No. 4:16-cv-02645-DMR
                                  )
 SANTA ROSA MEMORIAL HOSPITAL,    )
 ST. JOSEPH HEALTH and DOES 1-50, )
 inclusive,                       )
                                  )
                     Defendants.  )
 ---------------------------------




      Deposition of STEWART LAUTERBACH, M.D., taken on

 behalf of Defendants, at 131-A Stony Circle, Suite 500,

 Santa Rosa, California, commencing at 8:19 a.m.,

 Wednesday, March 22, 2017, before Michelle D. Barbante,

 CSR No. 12601.
```

2

Atkinson-Baker Court Reporters
www.depo.com

```
 1                A P P E A R A N C E S:

 2    FOR PLAINTIFFS:

 3    LAW OFFICE OF DOUGLAS C. FLADSETH
      BY:  DOUGLAS C. FLADSETH, ESQ.
 4    1160 North Dutton Avenue
      Suite 180
 5    Santa Rosa, California 95401

 6    FOR DEFENDANTS:

 7    LaFOLLETTE, JOHNSON, DeHAAS, FESLER & AMES
      BY:  BRETT SCHOEL, ESQ.
 8    655 University Avenue
      Suite 119
 9    Sacramento, California 95825

10    FOR STEWART LAUTERBACH, M.D.:

11    DONNELLY NELSON DEPOLO & MURRAY
      BY:  JAMES M. NELSON, ESQ.
12    201 North Civic Drive
      Suite 239
13    Walnut Creek, California 94596

14

15

16

17

18

19

20

21

22

23

24

25
```

Atkinson-Baker Court Reporters
www.depo.com

```
1                          I N D E X

2    WITNESS:   STEWART LAUTERBACH, M.D.

3    EXAMINATION                                         PAGE

4         By Mr. Schoel                                  5, 56

5         By Mr. Fladseth                                48, 58

6

7    EXHIBITS
                              DEFENDANTS'
     LETTER                   DESCRIPTION                PAGE
8
     A-   Santa Rosa Memorial Hospital ED                  9
9         Summary Report for 09/09/14
          Bate-stamped SRMH0567 to SRMH0585
10
     B-   Emergency Department Report dated               17
11        2/25/15 with Addendum 02/26/15

12                            PLAINTIFF'S
     NUMBER                   DESCRIPTION                PAGE
13
                              (NONE)
14

15   QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER:

16                            (NONE)

17
     INFORMATION TO BE SUPPLIED:
18
                              (NONE)
19

20

21

22

23

24

25
```

Atkinson-Baker Court Reporters
www.depo.com

1  to maximize corporate profits at the risk of patient
2  safety?
3       A.   Never.
4            MR. SCHOEL:  Okay.  I have no more questions.
5  Thank you, Doctor.
6            MR. NELSON:  Mr. Fladseth.
7                       EXAMINATION
8  BY MR. FLADSETH:
9       Q.   All right.  Good morning, Dr. Lauterbach.
10 Obviously you're not a defendant in the case, certainly at
11 this point, and I did not notice you --
12           MR. NELSON:  That is an implied threat, so be
13 very careful.
14           THE WITNESS:  I heard that.
15 BY MR. FLADSETH:
16      Q.   Well, anyway, I did not notice your deposition,
17 so I am going to set forth a couple of objections on the
18 record on that basis.  That apparently Mr. Schoel advised
19 me right before the start of the deposition that he was
20 not able to find your addendum record, which is part of
21 Exhibit 2 to your deposition, in the hospital records, and
22 he was asking whether I even had that as part of the
23 records that he'd been produced.  And of course, I'm going
24 to have to check with my consultants.  And apparently
25 there's thousands of pages of records, so obviously,

48

Atkinson-Baker Court Reporters
www.depo.com

1  before I take your deposition, I would want to be able to
2  have all the records and have them reviewed with my
3  consultants.
4        There's another issue in that this case is filed
5  in federal court against the hospital, Santa Rosa Memorial
6  Hospital and St. Joseph Health, and it's based in large
7  part on EMTALA or commonly called the anti-dumping
8  statute, okay.  One of the things that's involved in that
9  is we just had a ruling from the Court that we're able to
10 discover whether there was any post-event investigation
11 and review in state court.  In California, there's
12 ordinarily a peer review privilege under Evidence Code
13 Section 1157, but the status of the case now is that that
14 doesn't apply to this federal court case.
15        So obviously, I want to get the records from the
16 hospital, and I've noticed the depositions of the persons
17 most knowledgeable about any such peer review, so I want
18 to get those records before I decide whose depositions,
19 such as yours and Dr. Brandwene's, to take.
20        And so, again, I know Dr. Brandwene is going to
21 be deposed after you today.  I'm noting these objections
22 for the record because I don't want to be prejudiced
23 because of the unusual circumstance of the hospital taking
24 their own ER doctor's deposition before I'm prepared to do
25 so.  So that's just my preamble for the record here.

Atkinson-Baker Court Reporters
www.depo.com

1	MR. NELSON: So let me make sure I understand
2	this. So if you intend to not conclude your questioning
3	today, leaving open the opportunity, pending upon these
4	two factors that you mentioned, particularly the record,
5	to come back and take his deposition, I'm going to put an
6	end to it right now, and we're going to go -- and I'm not
7	saying you don't -- you have an opportunity to
8	cross-examine him, but I'm not putting him up today for
9	your cross and then a week or a month or two months later
10	for another shot it. So do you want to conclude all your
11	exam today, or do you want us to come back at another time
12	to finish your cross-examination of him?
13	MR. SCHOEL: And I want to put on the record,
14	then, because we did discuss this before the deposition,
15	and I did say, if we're going forward today, my position
16	is that this is his deposition today. And I left it up to
17	counsel that maybe we don't even go forward today because,
18	I don't know the issue with the addendum, I don't know --
19	I don't believe -- I'm not sure it's -- it's irrelevant
20	whether it was in those records or not. We had it here
21	today. It's three sentences. Whether your consultants
22	have looked at it or not I think is irrelevant, and that I
23	said we'll go forward with this deposition.
24	I've also said that I agreed with your -- that I
25	agree with you that the court has ordered peer review

Atkinson-Baker Court Reporters
www.depo.com

1  information is discoverable, so that is open for
2  deposition here today, but I'm just going to let you know,
3  and we'll just agree to disagree, but my position was, if
4  we start this deposition today, it needed to be finished
5  today, and I gave the opportunity not to even start it and
6  we decided to go forward.
7           So I will object to his -- regardless of what
8  Mr. Nelson does for his client, I'm probably going to
9  object to a continuation of this deposition if we don't
10 finish it today.  So that's just my position on the
11 record, and we can debate that at a different time.
12          MR. FLADSETH:  Right.  Well, okay, so we do have
13 some disagreements about that history.  I have no power to
14 prevent you from, as the hospital, from taking your
15 doctor's deposition.  And I certainly didn't agree that I
16 was waiving any rights by you starting the deposition or
17 that I was agreeing that I would complete the deposition
18 today and be able to do so.  And I did mention those
19 two reservations I had, and I also mentioned to you that I
20 can't stop you from taking the deposition today, so I want
21 to be clear about that.  I certainly wasn't relenting.
22          Now I do have questions I can ask today, but
23 again, you know, I intend to go forward.  If the doctor is
24 not allowed to answer, I mean, I can't prejudice my client
25 and say, "Yes, I'm going to go ahead," and that's going to

Atkinson-Baker Court Reporters
www.depo.com

1  be it, even though I haven't had a chance to review the
2  addendum with my experts, and even though I don't have a
3  chance now to see what, if anything, might have been a
4  post-event review or a peer review or 1157 or any things
5  like that.  So, you know, I'm not sure where we're going
6  to end up here, but I think we're all reserving our
7  rights, and I certainly am.
8          MR. SCHOEL:  That's fine.  And it may be
9  something we don't get -- it's not going to get settled
10 today.  And we've all stated our positions for the record
11 and we can either try and work it all out or let the judge
12 decide.  I agree, you're right, I didn't -- I didn't want
13 to suggest that you were waiving anything, but I also --
14 you did tell me you can't -- you know, you can't stop me
15 from having this deposition.  But as I pointed out to you
16 is that I was voluntarily -- we not do it today, because I
17 understood that these three sentences in the record you
18 may or may not have had, I don't know, and then I went
19 ahead with my deposition.
20         But I don't think it is right for me to do my
21 deposition, you get to answer some questions now and then
22 force the doctor to come back later for another
23 cross-examination, regardless if the hospital was the one
24 who noticed his deposition or not.  It's entirely within
25 my right to notice the deposition.  He's not an employee

Atkinson-Baker Court Reporters
www.depo.com

```
 1   of the hospital, and even if he was, I can still take his
 2   deposition.  So the fact that the hospital choose to take
 3   his deposition seven months after we've -- seven months
 4   into being into this case, is irrelevant.
 5              That being said, I'm -- I'm not going to object
 6   to any peer review questions.  I have no idea whether this
 7   doctor has any information about it, so you're well within
 8   your rights to ask those questions.  You're not being
 9   prevented by that today.  I'm not going to make any
10   objections to any peer review questions.
11              And then, of course, his own counsel has his own
12   issues about bring him back, so --
13              MR. NELSON:  Tell me, Doug, what was the date of
14   the order relative to the peer review?
15              MR. FLADSETH:  It was like two weeks ago.
16              MR. NELSON:  Oh, it was very recent.
17              MR. SCHOEL:  I think it was like last week.
18              MR. NELSON:  So let me just tell you:  I
19   understand what you're talking about, and I am not going
20   to -- I know you well enough that you're going -- you're
21   going to have questions about that addendum.  So what I
22   strongly propose is that -- in fact, I'm going to do it --
23   is we're going to terminate right now.  We'll come back
24   when you tell me you want to take -- continue with
25   Dr. Lauterbach's deposition.  I'm going to do the same
```

53

Stewart Lauterbach, M.D.
March 22, 2017

Atkinson-Baker Court Reporters
www.depo.com

1  thing with Dr. Brandwene.  It's no sense having him come
2  here with the potential, although he didn't do the --
3  Brandwene didn't do the addendum -- to do -- questions to
4  come up about that and we have to come back with him.
5         It's just -- it's too bad we had to bring Dr.
6  Lauterbach here today for a partial.  I don't want to
7  inconvenience my other client.  So that's what -- that's
8  my position.  Unless somebody is going to yell and scream
9  at -- at me, and that usually doesn't change my opinion,
10 that's what we're going to do.  Okay?  Okay.
11         Okay?  Okay.
12         MR. SCHOEL:  Well, hold on.  Let me yell and
13 scream.
14         MR. FLADSETH:  So wait a second.  Hold on.  Hold
15 on.
16         MR. NELSON:  Well, I mean, you know, the reason
17 is, is that we pulled him, you know, he worked all -- you
18 don't need to hear this.  You know what I'm going to say.
19 It's just inconvenient to the doctor.  I know both of you
20 guys didn't do it on purpose.  I'm not implying that.  I'm
21 just trying to look out for him and his schedule.
22         That being said, let's do it the civil way,
23 which is, when you're ready, you let me know, coordinate
24 it with Brett, and we'll present Dr. Lauterbach.
25         MR. FLADSETH:  Right.  And I just -- you know, I

54

Atkinson-Baker Court Reporters
www.depo.com

1  just want to note that this is -- I mean, I was a defense
2  attorney for many years, including for this hospital, and
3  I don't think I've ever seen a hospital depose their own
4  doctor.  So right from the get-go I'm concerned.  And of
5  course it crosses one's mind that there's the potential
6  anyway, without making any accusations, for collusion in
7  order to, you know, take the deposition now when I'm not
8  fully prepared, and then I don't get, you know, to the
9  bottom of all these things.
10         So that's -- you know, that's my, you know,
11 major reason for saying, you know, I need a chance to get
12 all the records, which apparently we don't have at this
13 point, and I need a chance to find out what, if anything,
14 happened and a follow-up investigation, because that's
15 open season right now.  So I can't be prejudiced by, you
16 know, not being able to go into those things.
17         And that -- again, that's why I haven't noticed
18 this deposition at this point.  I understand there's some
19 timing issues, which we're going to have to, you know,
20 obviously deal with fairly soon, but I think that's my
21 position.
22         MR. NELSON:  Okay.
23         MR. SCHOEL:  All right.  And first of all, I
24 just want to say, even though you didn't make any
25 accusations, the implication is offensive that there's

Stewart Lauterbach, M.D.
March 22, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1   collusion, so I don't appreciate that being put on the
 2   record, and I will make that very clear that I don't even
 3   appreciate the implication that there's some sort of
 4   collusion.
 5           The second part of it is, I've not -- for the
 6   record, I've stated it and I'll state it again -- I'm not
 7   making any objection to any questions regarding peer
 8   review.  As you put it, it's open season.  The doctor's
 9   here.  I'm not making or stopping this deposition based on
10   any type of peer review issue.
11           Since we are finishing up here, the one thing I
12   would ask, though, Jim, is that I did forget -- if I can
13   ask just a few more questions about the doctor's
14   background.  I just want to -- because I didn't have a
15   CV -- I just want maybe four questions, in case we don't
16   get another chance to come back, even though it looks like
17   we are, I'd like to have his background information right
18   now, just where he went to school and where he's
19   practicing, if that's okay with you, Counsel.
20           MR. NELSON:  Four questions on the background
21   only.
22           MR. SCHOEL:  On the background only.
23                   FURTHER EXAMINATION
24   BY MR. SCHOEL:
25       Q.  Doctor, where did you go to medical school, when
```

56

Stewart Lauterbach, M.D.
March 22, 2017