UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA GUTIERREZ, *et al*.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SANTA ROSA MEMORIAL HOSPITAL, *et al*.,<br><br>    Defendants. | Case No. 16-cv-02645-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**<br><br>Re: Dkt. No. 48 |

Plaintiffs' motion for leave to amend the complaint is scheduled for a hearing on July 3, 2017. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART plaintiffs' motion. Plaintiffs shall file and serve the amended complaint no later than **July 3, 2017**.

**DISCUSSION**

Plaintiffs seek to amend the complaint to add four new defendants: Dr. Elliot Brandwene, Dr. Stewart Lauterbach, TeamHealth, and Chase Dennis Emergency Medical Group, Inc. ("Chase"). Plaintiffs state that these physicians treated plaintiff Cynthia Gutierrez in the emergency room, and that TeamHealth and Chase had contracts with defendants to supply the physicians to the hospital. Defendants do not oppose the addition of new defendants, and accordingly the Court GRANTS this aspect of plaintiffs' motion.

Plaintiffs also seek to amend the complaint to add new causes of action for reckless neglect

and fraud. Plaintiffs assert that discovery has revealed that medical staff repeatedly administered Dilaudid, a synthetic heroin, to Cynthia Gutierrez despite documentation that Cynthia had had adverse reactions to that medication. The proposed reckless neglect claim is based upon defendants' administration of Dilaudid to Cynthia. The proposed fraud claim is based upon a medical record produced by Dr. Lauterbach at his deposition. That record, which the parties referred to as "the addendum," states that after Cynthia was intubated "a large piece of food was aspirated from the ET tube." Schoel Decl. Ex. F (Dkt. No. 50-10). Plaintiffs assert that the addendum "is clearly a false and fraudulent record . . . designed to mislead and hide the truth of highly culpable misconduct that the Defendants repeatedly administered Dilaudid . . . simply to mask her pain and so they could discharge her without stabilizing her condition . . . ." Reply at 2 (Dkt. No. 53). Plaintiffs also claim that the addendum was "intentionally concealed" from plaintiffs until the day of the deposition.

Defendants oppose the addition of new claims on numerous grounds. Defendants argue that reckless neglect is not an independent cause of action in California, but rather that it is an element of the Elder Abuse and Dependent Adult Civil Protection Act, Cal. Welf. & Inst. Code § 15657. Defendants note that this Court has held that plaintiffs cannot state a claim under the Elder Abuse and Dependent Adult Civil Protection Act because Cynthia Gutierrez is not a "dependent adult" under the statute, and they argue that plaintiffs' proposed amendment "is an attempted end run" around the Court's previous decision. Plaintiffs' reply brief does not respond to this argument. Instead, plaintiffs simply assert that it was reckless for defendants to administer Dilaudid to Cynthia.

Defendants also contend that Court should deny leave to amend as to the proposed fraud claim. Defendants argue that plaintiffs' claims that the addendum was falsified and intentionally concealed are baseless, and defendants note that there are numerous references in the medical records − apart from the addendum − regarding Cynthia inhaling food and vomit. Defendants contend that to the extent the fraud claim is based on the alleged falsification and concealment of the addendum, the claim is futile. Defendants also note that plaintiffs include allegations regarding the administration of Dilaudid in the proposed fraud claim, and defendants assert that

plaintiffs can pursue that issue in the context of the negligence claim.

"[A] district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). The Court concludes that the proposed amendment is futile. The Court agrees with defendants that "reckless neglect" is an element of a claim under the Elder Abuse and Dependent Adult Civil Protection Act, Cal. Welf. & Inst. Code § 15657, and it is not a standalone cause of action. *See generally Delaney v. Baker*, 20 Cal. 4th 23 (1999) (distinguishing "reckless neglect" under the Elder Abuse and Dependent Adult Civil Protection Act from claims for professional negligence). The Court has already determined that plaintiffs cannot state a claim under that statute, and therefore DENIES plaintiff leave to amend to assert a "reckless neglect" claim. Further, as defendants note, plaintiffs may pursue their allegations regarding the administration of Dilaudid through their negligence claim.

The Court also finds that the proposed fraud claim is futile. Under California law, the essential elements of fraud are (1) a misrepresentation; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *City of Industry v. City of Fillmore*, 198 Cal. App. 4th 191, 211 (2011). Plaintiffs do not explain how the alleged falsification or concealment of the addendum constitutes fraud. Plaintiff do not allege how the creation of a false medical record, and the concealment of that record, was intended to induce reliance, nor do plaintiffs explain how they relied on the allegedly concealed and false medical record to their detriment. Accordingly, the Court DENIES plaintiffs leave to amend to add a fraud claim.[1]

---

[1] However, the addendum (and the circumstances under which it was created) may be relevant to plaintiffs' other claims.

3

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs leave to amend the complaint to add additional defendants and DENIES leave to amend to add additional claims. Plaintiffs shall file and serve the amended complaint no later than **July 3, 2017**.

**IT IS SO ORDERED**.

Dated: June 27, 2017

_____
SUSAN ILLSTON
United States District Judge