UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA GUTIERREZ, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>SANTA ROSA MEMORIAL HOSPITAL, *et al.*,<br><br>    Defendants. | Case No. 16-cv-02645-SI<br><br>**ORDER GRANTING DEFENDANT LAUTERBACH'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 89 |

Defendant Stewart Lauterbach, M.D., has filed a motion for summary judgment on plaintiffs' claim that he committed medical malpractice when he treated plaintiff Cynthia Gutierrez on February 25, 2015. The motion is scheduled for a hearing on June 1, 2018. Plaintiff has filed a statement of non-opposition to the motion, and none of defendant Lauterbach's co-defendants have opposed the motion. For the reasons set forth below, the Court GRANTS defendant's motion.

The record before the Court shows that at 3:26 a.m. on February 25, 2015, plaintiff Cynthia Gutierrez presented at the Emergency Department of Santa Rosa Memorial Hospital complaining of shortness of breath. Dkt. 89-1, Ex. C at pp. 000219-000225 (Excerpts of Medical Record from Santa Rosa Memorial Hospital). Defendant Elliot Brandwene, M.D., evaluated, treated, and eventually discharged Ms. Gutierrez at approximately 7:00 a.m. *Id.* After her discharge, Ms. Gutierrez waited in the waiting room for her transportation to arrive. While she was waiting, Ms. Gutierrez collapsed and became unresponsive. *Id.* at pp. 000243-000245, 000257-000263; Dkt. No. 89-1, Ex. D at 78:17-20 (Lauterbach depo. at 78:17-20). The emergency staff immediately initiated CPR and placed a bag-valve mask over Ms. Gutierrez's nose and mouth to maintain positive respiratory pressure. *Id.*, Ex. C, at pp. 000249; Exhibit D, at

82:3-4. Ms. Gutierrez was transferred to a stretcher and transported to a critical care room within the emergency department.

Defendant Lauterbach was an emergency medicine physician who had just started his shift at 7:00 a.m. when he observed plaintiff being transported by stretcher to the critical care room. *Id.*, Ex. D at 18-21. Defendant followed plaintiff and the nursing staff to the critical care room, and he then proceeded to care for plaintiff, including by intubating her and attempting to resuscitate her. *See generally id.*

Defendant moves for summary judgment on plaintiffs' claim for medical negligence, contending that there is no triable issue of fact because the undisputed evidence establishes that defendant Lauterbach's intubation and other care for plaintiff on February 25, 2015 was within the standard of care. In support of his motion, defendant has submitted the expert declaration of Daniel A. McDermott, M.D., who opines that the entirety of Dr. Lauterbach's care and treatment of Ms. Gutierrez was within the standard of care and that no act or omission on the part of Dr. Lauterbach contributed to the alleged harm or injury. *See generally* Dkt. No. 89-1, Ex. E (McDermott Decl.).

Plaintiff does not oppose defendant Lauterbach's motion, and specifically does not dispute that "Dr. Lauterbach met the standard of care in his intubation and resuscitation efforts on February 25, 2015." Dkt. No. 91 at 1. In light of the fact that no party has opposed Dr. Lauterbach's motion, plaintiff requests that the Court also order that "no party co-defendant may seek to attribute any such fault to Dr. Lauterbach at the time of trial." *Id.* at 2.

Based upon the undisputed evidence submitted by Dr. Lauterbach, the Court finds that it is appropriate to GRANT defendant's motion for summary judgment. The Court further finds that in light of the fact that defendant Lauterbach's co-defendants did not oppose his motion for summary judgment, those co-defendants shall be precluded from advancing any argument that defendant Lauterbach was negligent in his care of Ms. Gutierrez.

**IT IS SO ORDERED**.

Dated: May 11, 2018

SUSAN ILLSTON
United States District Judge

2