UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA GUTIERREZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA ROSA MEMORIAL HOSPITAL, *et al.*,<br><br>Defendants. | Case No. 16-cv-02645-SI<br><br>**ORDER DENYING DEFENDANT SANTA ROSA MEMORIAL HOSPITAL'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 97, 102 |

Defendant Santa Rosa Memorial Hospital's motion for summary judgment is scheduled for a hearing on July 6, 2018. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is suitable for resolution without oral argument, and VACATES the hearing.

Defendant moves for summary judgment on plaintiffs' claims under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. Defendant contends that plaintiffs cannot demonstrate either a failure to screen or a failure to stabilize Ms. Gutierrez. Defendant asserts that the evidence in the record shows that the hospital and its staff conducted an adequate screening through the administration of various tests, and that Ms. Gutierrez was stablilized for all conditions for which she had been diagnosed at the time of her discharge.

Plaintiffs oppose summary judgment and contend that they have submitted evidence raising a material question of fact on the EMTALA claims. The Court agrees, and accordingly DENIES summary judgment. Plaintiffs have submitted, *inter alia*, two expert reports in which the experts opine that, in light of Ms. Gutierrez's medical history, symptoms, and test results, Ms. Gutierrez was provided a cursory screening that was not appropriate to determine whether various emergency medical conditions existed. The experts also opine that hospital staff failed to stabilize

Ms. Gutierrez's emergency medical conditions prior to discharge, including a condition that had been detected during that emergency room visit ("Findings suggest fluid overload with congestive failure"; Pls' Evid., Ex. 2 at 6267). Although defendant raises some well-founded objections to these declarations, such as the fact that they contain some impermissible legal conclusions, the Court finds that the admissible portions of the declarations, as well as the supporting medical records, are sufficient to raise a triable issue of fact on the EMTALA claims.[1]

**IT IS SO ORDERED**.

Dated: June 28, 2018

_____
SUSAN ILLSTON
United States District Judge

---

[1] Defendant argues that the expert declarations are similar to those that the court found inadmissible and irrelevant in *Hoffman v. Tonnemacher*, 425 F. Supp. 2d 1120 (E.D. Cal. 2006). However, in *Hoffman* the court held that the plaintiff's expert declarations were deficient because the experts did not explain why the screening provided was cursory or inadequate, and instead the experts discussed how the screening provided deviated from the standard of care, an inquiry more relevant to medical malpractice rather than EMTALA. In this case, the plaintiffs' experts do address why they think the screening provided was cursory or inadequate, and they do not frame this discussion in the context of a "standard of care." *See, e.g.,* Shalit Decl. ¶ 5; Taylor Report at 4-5.