UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA GUTIERREZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SANTA ROSA MEMORIAL HOSPITAL, *et al.*, <br><br> Defendants. | Case No. 16-cv-02645-SI <br><br> **ORDER DENYING DEFENDANT BRANDWENE'S MOTION TO BIFURCATE TRIAL** <br><br> Re: Dkt. No. 115 |

Defendant Elliott Brandwene, M.D., has filed a motion to bifurcate trial. Dkt. No. 115. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is suitable for resolution without oral argument, and VACATES the hearing set for October 5, 2018. For the reasons set forth below, the Court DENIES the motion to bifurcate trial.

**BACKGROUND**

The facts of this case are laid out in detail in the Court's prior orders. *See, e.g.*, Dkt. Nos. 25, 35, 55. Plaintiffs' Second Amended Complaint ("SAC") names as defendants Santa Rosa Memorial Hospital, St. Joseph Health, Team Health, Chase Dennis Emergency Medical Group, Elliott Brandwene, M.D., and Stewart Lauterbach, M.D. Dkt. No. 56. Plaintiffs bring two claims for relief: (1) violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd; and (2) negligence. *Id.* at 7. In July 2017, the Court granted the parties' stipulation to dismiss the EMTALA claim against defendants Team Health, Chase Dennis Emergency Medical Group, Dr. Brandwene, and Dr. Lauterbach, making the negligence claim "the sole remaining claim for relief against these defendants at this time." Dkt. No. 63 at 1. In

United States District Court
Northern District of California

1 May 2018, the Court granted defendant Dr. Lauterbach's unopposed motion for summary judgment and entered judgment in his favor. Dkt. Nos. 92, 96. In June 2018, the Court denied Santa Rosa Memorial Hospital's motion for summary judgment on the EMTALA claim. Dkt. No. 103.

Dr. Brandwene ("Defendant") now moves to bifurcate the trial. Plaintiffs oppose. A jury trial is set to begin on November 19, 2018. Dkt. No. 83 at 4.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 42, the district court may order separate trials of one or more issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). The court has "broad discretion" in deciding whether to bifurcate a trial. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Courts consider several factors in determining whether bifurcation is appropriate, including whether the issues are clearly separable, and whether bifurcation would increase convenience and judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties. *See* Robert E. Jones et al., Federal Civil Trials and Evidence § 4:492 (2018); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). The party requesting bifurcation has the burden to prove that it is warranted in that particular case. *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 102 (N.D. Cal. 1992).

**DISCUSSION**

Defendant relies on California Health and Safety Code Section 1799.110. That statute states, in part:

> In any action for damages involving a claim of negligence against a physician and surgeon providing emergency medical coverage for a general acute care hospital emergency department, the court shall admit expert medical testimony only from physicians and surgeons who have had substantial professional experience within the last five years while assigned to provide emergency medical coverage in a general acute care hospital emergency department. For purposes of this section, "substantial professional experience" shall be determined by the custom and practice of the manner in which emergency medical coverage is provided in general acute care hospital emergency departments in the same or similar localities where the alleged negligence occurred.

Cal. Health & Safety Code § 1799.110(c). The legislature intended the statute "to promote the provision of emergency medical care by giving dedicated emergency room physicians a measure of protection from malpractice claims." *Miranda v. Nat'l Emergency Servs., Inc.*, 35 Cal. App. 4th 894, 904 (1995) (citations omitted).

Defendant argues that a bifurcated trial "is the only way to truly comply with this statute under the circumstances of this case." Dkt. No. 120 ("Reply") at 3. Defendant argues that only one of plaintiffs' disclosed experts, Dr. Marc Shalit, is potentially qualified to testify as to the appropriate standard of care in light of Section 1799.110. *See* Dkt. No. 115 ("Mot.") at 18. Defendant states that unless trial is bifurcated he "will be severely prejudiced; the jury will hear multiple witnesses from several different perspectives criticize his care both explicitly and implicitly, almost all of those witnesses unqualified to offer such opinions as a matter of law." *Id.* at 7. Defendant requests that the Court conduct the trial in several phases: "Dr. Brandwene asks that the issue whether he breached the standard of care be tried first. If the jury finds that he breached the standard of care, then the trial can proceed on the theories of negligence against the hospital, and whether the hospital violated EMTALA, and the jury can duly apportion fault." *Id.*

Plaintiffs oppose, arguing that bifurcation would be prejudicial and "prohibitively expensive" given the discovery involved and that "there are more than 25 experts designated." Dkt. No. 119 ("Opp'n") at 4. Plaintiffs characterize their other designated experts as offering "limited, tangential, and fundamental opinions[.]" *Id*. Plaintiffs argue that "[t]he same facts constituting the EMTALA violation also constitute the malpractice." *Id.* Plaintiffs further argue that, because Dr. Brandwene faces exposure to punitive damages, Section 1799.110 "will not be applicable to the intentional and reckless violations which will inevitably be in evidence for the jury to decide even with bifurcation." *Id.* at 5. With the exception of this dispute regarding punitive damages, plaintiffs do not challenge the application of Section 1799.110 to their negligence claim. *See id.*; *see also* Fed. R. Evid. 601 (". . . in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision."). In reply, defendant cites, among other arguments, that plaintiffs stipulated to dismiss the EMTALA claim against Dr. Brandwene and thereby agreed that their prayer for damages

3

against him "includes only those damages authorized by law for a negligence claim . . . ." Reply at 2; Dkt. No. 63 at 1.

The Court finds that defendant has not met his burden of proving that this case should be tried in separate phases. The Court understands that a different legal standard applies to EMTALA claims and negligence claims. "It is well-established that EMTALA does not create a federal remedy for medical negligence, nor does it duplicate state-law medical malpractice claims . . . . EMTALA claims do not rest on any proof that the hospital was negligent or that the hospital failed to make a correct diagnosis or provide adequate treatment." *Jackson v. E. Bay Hosp.*, 980 F. Supp. 1341, 1348 (N.D. Cal. 1997) (citations omitted). However, the Court has concerns about the jury making its determinations in the first phase of trial in isolation and out of context. Moreover, the Court does not believe the factual and legal issues presented by this case will be so complicated as to prevent the jury from diligently deciding the issues. There are only two claims in this suit, and Section 1799.110 applies to the hospital defendant in addition to applying to Dr. Brandwene. *See Jutzi v. County of Los Angeles*, 196 Cal. App. 3d 637, 651 (1987) (holding that Section 1799.110(c) applies even where only the hospital and not the emergency physician is named as a defendant). Defendant has not demonstrated that any potential prejudice he may suffer from having the case tried all together outweighs the potential prejudice that plaintiffs might suffer were the case tried in two phases. Finally, judicial economy weighs against bifurcation. Regardless of how the jury rules regarding the standard of care, trial will still need to proceed on the EMTALA claim against the hospital. As defendant acknowledges, this will create inefficiency, with at least some of plaintiffs' experts needing to be re-called for the second phase of trial. *See* Mot. at 18 (describing how Dr. Shalit could testify for plaintiffs and, if defendant is found to have breached the standard of care, "could then be allowed to later explain to the jury how the hospital violated EMTALA . . .").

Taking defendant's argument to its logical conclusion would essentially amount to an entitlement to bifurcation every time an emergency doctor is sued for malpractice in a suit that involves additional claims for relief. Yet defendant did not cite, nor could this Court locate, any case in which a court bifurcated a trial because of Section 1799.110. *See, e.g., Sampson v. Ukiah*

United States District Court
Northern District of California

1 *Valley Medical Ctr.*, Case No. 15-cv-00160-WHO, Order on Motions in Limine and Pretrial Matters at 27 (N.D. Cal. Aug. 15, 2017) (denying parties' motions to bifurcate in case involving EMTALA and negligence claims against an ER doctor, on grounds different from those argued here). Moreover, it is not possible to square defendant's argument that Section 1799.110 practically requires bifurcation with the "broad discretion" that the Federal Rules of Civil Procedure afford the district court in determining whether to order separate trials. *See Zivkovic*, 302 F.3d at 1088.

Nevertheless, the Court acknowledges defendant's concerns regarding the expert witness testimony that plaintiffs plan to present. Defendant has attached to his motion the Rule 26 expert reports of six of plaintiffs' proposed experts. As defendant notes, only one of these, Dr. Shalit, appears to be a physician who has provided emergency care within the last five years. It appears that plaintiffs propose putting on testimony from experts other than Dr. Shalit to opine on the appropriate standard of care, in contravention of Section 1799.110. For instance, Steven Fugaro, M.D., is an internal medicine doctor who opines, "the use of Dilaudid (in combination with other analgesics) was absolutely below the standard of care in the treatment of Ms. Gutierrez." Dkt. No. 115-1 ("Dahl Decl."), Ex. B ¶ 5(c). Debbie Morikawa is a Registered Nurse who states that she "was retained to evaluate whether the Defendant complied with the standard of care in its care of Ms. Gutierrez, whether it committed any breaches of the standard of care, and whether it failed to provide care required by Ms. Gutierrez." *Id.*, Ex. F ¶ 5. Nachman Brautbar, M.D., is a doctor focusing on internal medicine, nephrology, toxicology, and occupational medicine, who opines, "It is below the standard of care for any patient to be discharged without a longer period of monitoring following the administration of IM and IV opiates." *Id.*, Ex. G ¶ 52.

The Court has little information directly from plaintiffs regarding how they plan to use their various experts, but the above quoted excerpts (provided for illustrative purposes only) would appear problematic in light of Section 1799.110. Resolution of their admissibility may be more properly adjudicated through motions in limine. *See Miranda*, 35 Cal. App. 4th at 899 n.4 ("We do note that whether section 1799.110, subdivision (c) applies and whether a proposed expert satisfies its requirements have been held to be fit subjects of an in limine motion.") (citation

omitted). In any event, the Court does not find persuasive defendant's assertion that Section 1799.110 cannot be observed in this case through a combination of motions in limine and limiting instructions to the jury. *See* Reply at 3-4 (stating that "Dr. Brandwene should not be made to choose between confusing the jury with 'fuzzy' instructions, or insisting upon clear instructions throughout the trial, and thereby emphasizing and re-emphasizing the inadmissible evidence . . . ."). Even if defendant is correct that plaintiffs' counsel "fully intends to throw 'everything but the kitchen sink' into the case against Dr. Brandwene," it is this Court's role -- assisted by vigilant counsel -- to ensure plaintiffs "throw in" only what is allowed by law. *See id.* at 1.

## CONCLUSION

For all of the foregoing reasons, the Court DENIES defendant Brandwene's motion for a bifurcated trial. The parties may address the proper application of Section 1799.110 and the scope of expert witness testimony in their pretrial motions in limine.

**IT IS SO ORDERED**.

Dated: October 3, 2018

_____

SUSAN ILLSTON
United States District Judge