1 | **Douglas C. Fladseth** (Bar No. 083420)
**LAW OFFICE OF DOUGLAS C. FLADSETH**
2 | **1160 North Dutton Avenue, Suite 180**
**Santa Rosa, California 95401**
3 | **Telephone: (707) 545-2600**
**Fax: (707) 545-0552**
4 | fladseth@aol.com

5

6 | **Attorneys for Plaintiffs**

7

8 | UNITED STATE DISTRICT COURT

9 | Northern District of California

10

11 | CYNTHIA GUTIERREZ, JOSE HUERTA, SMH, RH and AH,

12 | Plaintiffs,

13 | vs.

14 | SANTA ROSA MEMORIAL HOSPITAL, ST. JOSEPH HEALTH and DOES 1-50, inclusive,

15 | Defendants.

16

17

18

Case No. 3:16-cv-02645-SI

**PETITION TO APPROVE COMPROMISE OF PENDING ACTION AND DISPOSITION OF PROCEEDS OF JUDGMENT/MINOR; DECLARATION OF DOUGLAS C. FLADSETH IN SUPPORT THEREOF**

**Date:**
**Time:**
**Courtroom 1, 17th Floor**

Hon. Susan Illston

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____ at _____.m. in **Courtroom 1, 17th Floor** of the USDC, located at 450 Golden Gate Avenue, San Francisco, California, Petitioners will move the Court for an Order Approving the Compromise of a Pending Action and Disposition of Proceeds of Judgment/Minor.

On May 17, 2016, Plaintiffs caused to be filed a Complaint for violation of Federal antidumping laws based on EMTALA and other claims.

On November 7, 2018 Defendants Santa Rosa Memorial Hospital and St. Joseph Health agreed to pay $3,300,000 in settlement of this matter, and Defendant Elliot Brandwene, M.D. and

1   Chase Dennis Emergency Medical Group and Team Health agreed to pay $500,000 in settlement

2   of this matter.

3        The Complaint originally included causes of action for:

4        1.       E.M.T.A.L.A. 42 U.S.C. 1395dd;

5        2.       Welfare & Institutions Code 15657 including 15657 Enhanced Remedies;  and

6        3.       Negligence.

7        Plaintiffs also sought exemplary/punitive damages including but not limited to as

8   provided for by California Civil Code § 3294 and also based on Welfare & Institutions Code §

9   15600, et seq. and EMTALA.  The Welfare & Institutions Code claim  was not sustained.

10       Attached as Exhibit 1 is the contingency fee agreement signed by the Plaintiff, JOSE

11  HUERTA and his counsel, the undersigned.

12       Given that this EMTALA claim is not subject to MICRA, the retainer agreement provides

13  for a one third attorney fee in the event of settlement of that non-MICRA claim

14       The costs incurred in prosecuting this matter to date are as follows: $497,837.28

15       Plaintiffs' counsel is requesting one-third of $3,800,000, i.e., $1,254,000 as an attorney

16  fee plus reimbursement of costs advanced in the amount of $497,837.28.

17       Under California law, the portion of the attorney fees which are the subject of a minor's

18  compromise are subject to the criteria of  California Rule of Court section 7.955, a copy of which

19  is attached as Exhibit 2.

## I. PETITIONER

21  JOSE HUERTA.

## II. CLAIMANTS

23  RH, a male minor, born January 6, 2005, age 13, 200 Cranbrook Way #203, Santa Rosa,

24  CA 95407;

25       AH, a female minor, born October 22, 2007, age 11, 200 Cranbrook Way #203, Santa

26  Rosa, CA 95407.

27       It should be noted that SH was a minor at the time of this incident, but is now 18 years

28  old.

1

### III.  RELATIONSHIP

2

Children and husband of CYNTHIA GUTIERREZ.

3

### IV.  NATURE OF CLAIM

4

The claim of the minors is the subject of a pending action or proceeding that has been or

5

will be reduced to a judgment for the claimant against the defendants named below in the total

6

amount (exclusive of interest and costs) of $3,800,000.

7

Defendants: SANTA ROSA MEMORIAL HOSPITAL, ST. JOSEPH HEALTH and

8

ELLIOT BRANDWENE, M.D. and CHASE DENNIS EMERGENCY MEDICAL GROUP and

9

TEAM HEALTH.

10

### V.  INCIDENT

11

The incident occurred on or about February 25, 2015 in Santa Rosa, California involving

12

CYNTHIA GUTIERREZ and JOSE HUERTA, SH, RH, AH, SANTA ROSA MEMORIAL

13

HOSPITAL, ST. JOSEPH HEALTH, ELLIOT BRANDWENE, M.D., CHASE DENNIS

14

EMERGENCY MEDICAL GROUP, and TEAM HEALTH and DOES 1-10.  Former Defendant

15

STEWART LAUTERBACK, M.D. was voluntarily dismissed.

16

### VI.  NATURE OF INCIDENT

17

CYNTHIA GUTIERREZ was diabetic and had end stage renal disease when she

18

presented emergently to SANTA ROSA MEMORIAL HOSPITAL.  Various laboratory and

19

diagnostic tests were ordered.  Many of the test results were remarkable for the presence of life

20

threatening disease.  CYNTHIA was discharged from the emergency room at approximately 7:00

21

a.m. and  was sitting in the waiting room when she collapsed.  A Code Blue was called and she

22

was resuscitated and was transferred to the ICU.  She has remained in a permanent vegetative

23

state.

24

### VII.  INJURIES

25

The Claimants/minors in this case have suffered no visible physical injury but significant

26

emotional harms and losses.

27

### VIII.  TREATMENT

28

The Claimants have not received any significant formal medical care or treatment for the

1 injuries described in item VII.

2 ### IX.  **EXTENT OF INJURIES AND RECOVERY**

3 The Claimants/minors in this case have suffered no visible physical injury but will suffer

4 permanent emotional harms and losses.

5 ### X.  **INQUIRY AND INVESTIGATION**

6 Petitioners have made a careful and diligent inquiry and investigation to ascertain the

7 facts relating to the incident or accident in which the claimants were injured; the responsibility

8 for the incident or accident; and the nature, extent and seriousness of the claimant's injuries.

9 Petitioners fully understand that if the compromise proposed in this petition is approved by the

10 court and is consummated, the Claimants will be forever barred from seeking any further

11 recovery of compensation from the settling defendants named below even though the Claimants'

12 injuries may in the future appear to be more serious than they are now thought to be.

13 ### XI.  **AMOUNT AND TERMS OF SETTLEMENT**

14 By way of settlement, the Defendants named below have agreed to pay the following

15 sums to the Claimants:

16 The proposed division of the client recovery is 1/3 for the benefit of CYNTHIA

17 GUTIERREZ, 1/3 for the benefit of JOSE HUERTA, and 1/3 for benefit of the three children to

18 be divided equally among the three children.  The specific proposed terms of the settlement are

19 as follows:

20 A.    The total amount agreed to (by all Defendants named below) is $3,800,000;

21 B.    The Defendants and amounts offered by each are as follows:

22 SANTA ROSA MEMORIAL HOSPITAL and ST. JOSEPH HEALTH:

23 $3,300,000;

24 C.    ELLIOT BRANDWENE, M.D.,CHASE DENNIS EMERGENCY MEDICAL

25 GROUP, and TEAM HEALTH : $500,000.

26 D.    TWO MINORS:  $227,573.64 each with $200,000 of that for each of the two

27 minors in a structured settlement to provide periodic payments for each of the two

28 minors and $27,583. 64 each in a blocked account to be available when each

1            18 (for college or other appropriate use).

2     E.       CYNTHIA GUTIERREZ: $682,720.90 (1/3 of client recovery which is subject to

3            the Medicare and Medi-Cal lien claims.  Medicare is $203,898.70; [Medi-Cal will

4            not give a dollar amount until they receive the signed Release, as of 9/11/18 the

5            lien was $1,821,549.80 which will be reduced as a portion of CYNTHIA'S

6            recovery to be negotiated by Lien Expert Amanda Greenberg of Archer Systems

7            LLC.  Releasee Defendants will not agree to sign Releases until this Court

8            approves the minor's compromise].  Cynthia's share will be placed in a special

9            needs trust.

10     F.       JOSE HUERTA: $682,720.90 (1/3 of total client recovery).

11     G.       Minor who has just recently turned 18 SH: $227,573.64 which is 1/3 of

12            $682,720.90 (1/3 of total settlement divided by 1/3 each, so each child gets 1/9 of

13            total client recovery (the remaining 2/3 are subject to D-F. above).

14                       **XII.  SETTLEMENT PAYMENTS TO OTHERS**

15        By way of settlement, one or more of the defendants named in item XI (B)  have also

16 offered to pay money to a person or persons other than minor claimants, AH and RH, to settle

17 claims arising out of the same incident or accident that resulted in the claimants' injury:

18     (1)     The total amount offered by all defendants to all claimants is $3,800,000.

19     (2)     Petitioner is not a claimant against the recovery of the minor claimants (other than

20            for their share of reimbursement for expenses paid by petitioner and listed under

21            item XV).

22     (3)     Petitioner is plaintiff JOSE HUERTA in the same action with the claimants.

23     (4)     Petitioner would receive money under the proposed settlement.

24     (5)     The settlement payments are proposed to be apportioned and distributed as

25            follows:

26            JOSE HUERTA - $682,720.90; CYNTHIA GUTIERREZ - $682,720.90;

27            $682,720.90 collectively for the children (1/3 for each child) (CYNTHIA's share

28            of proceeds will be placed in a special needs trust).

(6)     The proposed apportionment of the settlement payments between the claimants and each other plaintiff or claimant named above are: 1/3 to CYNTHIA in a special needs trust, 1/3 to JOSE HUERTA, 1/3 collectively to the three children Claimants to be split three ways by the children (1/9 each).   Since these claims were pleaded on behalf of the three  minors, one of whom is now 18, we are seeking court approval of the remaining two minor's compromise aspects of the proposed settlement pursuant to California Code of Civil Procedure §372.

By way of settlement, Defendant, Elliot Brandwene, M.D., CHASE DENNIS EMERGENCY MEDICAL GROUP, and TEAM HEALTH have offered to pay the following sums to the Plaintiffs:

$500,000.00 paid to the Law Office of Douglas C. Fladseth Attorney-Client Trust Account.

By way of settlement, Defendant, Santa Rosa Memorial Hospital has offered to pay the following sums to the Plaintiffs with the combined present value sum of $3,300,000.00:

$1,917,279.10 paid to the Law Office of Douglas C. Fladseth Attorney-Client Trust Account for the following:

$682,720.90 for Cynthia Gutierrez's special needs trust and payment of Medicare and Medi-Cal liens.

$500,000.00 up front cash for Jose Huerta.

$27,573.64 up front cash for SH.

$27,573.64 for RH's blocked account.

$27,573.64 for AH's blocked account.

$654,000.00 for attorney's fees.

$497,837.28 for attorney's expenses.

Payments not to Attorney-Client Trust Account but to annuity life insurance companies:

$182,720.90 payable to PASSCorp to fund periodic payments for Jose G. Huerta as will be outlined in the Settlement Agreement and Release.

$200,000.00 payable to Pacific Life & Annuity Services, Inc. to fund periodic payments

1  for SH as outlined in the Settlement Agreement and Release.

2  $600,000.00 payable to Mutual of Omaha Structured Settlement Company to fund

3  periodic payments for attorney Douglas C. Fladseth for the convenience of the Plaintiffs as will

4  be outlined in the Settlement Agreement and Release.

5  $200,000.00 payable to MetLife Assignment Company, Inc. to fund periodic payments

6  for RH as outlined in Section A. below.

7  $200,000.00 payable to PASSCorp to fund periodic payments for AH as outlined in

8  Section B. below.

9  Periodic payments made according to the Schedule of Payments as follows (the "Periodic

10  Payments"):

11  A.    Payee: RH

12  $20,000.00 guaranteed lump sum payable on 01/06/2023.

13  $30,000.00 guaranteed lump sum payable on 01/06/2026.

14  $40,000.00 guaranteed lump sum payable on 01/06/2029.

15  $50,000.00 guaranteed lump sum payable on 01/06/2032.

16  $163,980.29 guaranteed lump sum payable on 01/06/2035.

17  Assignment:  Santa Rosa Memorial Hospital's and/or its Insurer's obligation to make the

18  periodic payments described in Section A. shall be assigned to MetLife Assignment Company,

19  Inc. ("MetLife Assignee"), through a Qualified Assignment and funded by an annuity contract

20  issued by Metropolitan Tower Life Insurance Company ("Metropolitan Annuity Issuer"), rated

21  A+XV by A.M. Best. To fund the periodic payments, Santa Rosa Memorial Hospital and/or its

22  Insurer will issue a check in the amount of $200,000.00 payable to MetLife Assignment

23  Company, Inc. and execute the Qualified Assignment and Release Agreement. In the event the

24  Payee pre-deceases issuance of any of the above payments, the Payee's estate shall be designated

25  as Beneficiary and all remaining payments shall be made to the Payee's estate.  After the age of

26  majority, the Payee may submit a change of beneficiary in writing to the MetLife Assignee.  The

27  designation must be in a form acceptable to the MetLife Assignee.

28  ///

B.      Payee: AH

$10,000.00 semi-annually, guaranteed 5 years, beginning 07/01/2026. Last payment due 01/01/2031.

$1,000.00 monthly, guaranteed 7 years, beginning on 10/22/2025. Last payment due 09/22/2032.

$20,000.00 guaranteed lump sum payable on 10/22/2025.

$25,000.00 guaranteed lump sum payable on 10/22/2032.

$63,244.21 guaranteed lump sum payable on 10/22/2037.

Assignment: Santa Rosa Memorial Hospital's and/or its Insurer's obligation to make the periodic payments described in Section B. shall be assigned to Prudential Assigned Settlement Services Corporation (PASSCorp) ("PASSCorp Assignee") through a Qualified Assignment and funded by an annuity contract issued by The Prudential Insurance Company of America ("Prudential Annuity Issuer"), rated A+XV by A.M. Best. To fund the periodic payments, Santa Rosa Memorial Hospital and/or its Insurer will issue a check in the amount of $200,000.00 payable to PASSCorp and execute the Qualified Assignment and Release Agreement. In the event the Payee pre-deceases issuance of any of the above payments, the Payee's estate shall be designated as Beneficiary and all remaining payments shall be made to the Payee's estate. After the age of majority, the Payee may submit a change of beneficiary in writing to the PASSCorp Assignee. The designation must be in a form acceptable to the PASSCorp Assignee.

The future periodic payment amounts outlined above are guaranteed based upon a projected annuity purchase date of June 1, 2019. Any delay in funding the annuities may result in a delay of the payment dates or change in payment amounts that shall be recorded in the settlement agreement and release, qualified assignment documents and annuity contracts without the need of obtaining an amended Petition/Court Order up to 180 days after original purchase date.

All sums set forth herein constitute damages on account of personal, physical injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

1                                   **XIII.  CLAIMANTS' MEDICAL EXPENSES**

2            There are no medical expenses for claimants, including medical expenses paid by

3 petitioner and insurers, to be reimbursed from proceeds of settlement or judgment [subject to the

4 special needs trust for CYNTHIA GUTIERREZ and Medicare and Medi-Cal liens detailed

5 herein].

6               **XIV.  CLAIMANTS' ATTORNEY'S FEES AND ALL OTHER EXPENSES**

7            The Claimants' attorney's fees and all other expenses (except medical expenses),

8 including expenses advanced by Claimants' attorney or paid or incurred by petitioner to be

9 reimbursed from proceeds of settlement or judgment are:

10           Total amount of attorney's fees for which court approval is requested: $1,254,000 (to be

11 taken out of the total settlement amount of $3,800,000) of which a portion [$600,000] will be

12 paid out as future periodic payments to Douglas C. Fladseth as outlined in the Settlement

13 Agreement and Release.

14           Attached hereto as Exhibit 3 are the following additional items of expense (other than

15 medical expenses) that have been incurred or paid, are reasonable, resulted from the incident or

16 accident, and should be paid out of Claimants' share of the proceeds of the settlement or

17 judgment: $497,837.28.  Included in this Petition is the Declaration of Douglas C. Fladseth

18 regarding the CRC §7.955 factors for attorney fee procedure and analysis pertinent to the minor's

19 compromise amounts.

20             **XV.  REIMBURSEMENT OF EXPENSES PAID BY PETITIONERS**

21           Petitioners have paid (or become obligated to pay) the following total amounts of the

22 Claimants' expenses for which reimbursement is requested:

23           Attorney's fees included in the total fee shown in item 14:   $1,254,000

24           Other expenses included in the total shown in item 14:        $ 497,837.28

25             **XVI.  NET BALANCE OF PROCEEDS FOR THE CLAIMANTS**

26           The balance of the proceeds of the proposed settlement or judgment remaining for the

27 children Claimants after payment of all requested fees and expenses is:  $682,720.90 to be paid

28 one-third ($227,573.64) to each of the two minor Claimants RH and AH and to SH who is now

18.

## VXII.  SUMMARY

| | |
|---|---|
| Gross amount of proceeds of settlement or judgment for Claimants: | $3,800,000 |
| Medical expenses to be paid from proceeds of settlement or judgment: | $0 |
| Attorney's fees to be paid from proceeds of settlement or judgment: | $1,254,000 |
| Expenses (other than medical) to be paid from proceeds of settlement or judgment: | $497,837.28 |
| Total of fees and expenses to be paid from proceeds of settlement or judgment: | $497,837.28 |
| Balance of proceeds of settlement or judgment available for Claimants after payment of all fees and expenses: | $2,048,162.72 ($227,573.64 to each current minor child = $455,147.28 plus $227,573.64 to SH - now 18, $682,720.90 to husband/father Jose Huerta and $682,720.90 for the benefit of CYNTHIA via a special needs trust) (subject to the Medicare and Medi-Cal liens on CYNTHIA's share). |

## XVIII.  INFORMATION ABOUT ATTORNEY REPRESENTING OR ASSISTING PETITIONERS

Petitioners have been represented or assisted by an attorney in preparing this petition or

1  with respect to the claim asserted.  Petitioners and the attorney do have an agreement for services

2  provided in connection with the claim giving rise to this petition.  Please see Exhibit 1.

3      The attorney who has represented or assisted petitioners is: Douglas C. Fladseth, Law

4  Office of Douglas C. Fladseth, 1160 North Dutton Avenue, Suite 180, Santa Rosa, CA 95401;

5  (707) 545-2600, State Bar No. 083420.

6      The attorney has not received attorney's fees or other compensation in addition to that

7  requested in this petition for services provided in connection with the claim giving rise to this

8  petition.

9      The attorney did not become concerned with this matter, directly or indirectly, at the

10 instance of a party against whom the claim is asserted or a party's insurance carrier.

11     The attorney is not representing or employed by any other party or any insurance carrier

12 involved in the matter.

13     The attorney does not expect to receive attorney's fees or other compensation in addition

14 to that requested in this petition for services provided in connection with the claim giving rise to

15 this petition.  Attorney has 40 years of litigation experience [Hastings College of The Law Class

16 of 1978].  For many years representing all the hospitals on the North Coast and more recently

17 representing victims of hospital and medical malpractice.  This is the third EMTALA case

18 successfully prosecuted against this hospital by the undersigned.

19                     **XIX.  DISPOSITION OF BALANCE OF**

20                     **PROCEEDS OF SETTLEMENT OR JUDGMENT**

21     Gross amount of proceeds of settlement or judgment for Claimants:     $3,800,000

22     Medical expenses to be paid from proceeds of settlement or judgment:     $0

23     Attorney's fees to be paid from proceeds of settlement or judgment:     $1,254,000

24     Expenses (other than medical) to be paid from proceeds of settlement

25          or judgment:                                                 $497,837.28

26     Total of fees and expenses to be paid from proceeds of settlement

27          or judgment:                                                 $497,837.28

28     Balance of proceeds of settlement or judgment available for

| | | |
|---|---|---|
| 1 | Claimants after payment of all fees and expenses: | $2,048,162.72 |
| 2 | | ($227,573.64 to each |
| 3 | | minor child = |
| 4 | | $455,147.28 plus |
| 5 | | $227,573.64 to SH - |
| 6 | | now 18, $682,720.90 |
| 7 | | to parent and |
| 8 | | $682,720.90 to |
| 9 | | CYNTHIA to be |
| 10 | | placed in a special |
| 11 | | needs trust) |

## XX.  STATUTORY LIENS FOR SPECIAL NEEDS TRUST

Medicare: $203,898.70; Medi-Cal: Unknown at this time.  The lien as of 9/11/18 was $1,821,549.80 but it is anticipated that amount will be reduced.

## XXI.  ADDITIONAL ORDERS

That Claimants and Petitioners may petition the Court as needed for good cause shown for release of funds for special needs.

That the payment of the $1,151,837.28 amount for part of the attorney fees ($654,000.00) and costs ($497,837.28) be made directly to the Attorney-Client Trust Account of Law Office of Douglas C. Fladseth and for $600,000.00, the balance of the attorney fees, to be paid directly to Mutual of Omaha Structured Settlement Company to fund periodic payments to attorney Douglas C. Fladseth for the convenience of the Claimants.

DATED:   February 22, 2019          LAW OFFICES OF DOUGLAS C. FLADSETH

_____
DOUGLAS C. FLADSETH
Attorney for Plaintiffs

## DECLARATION OF DOUGLAS C. FLADSETH

I, DOUGLAS C. FLADSETH, declare as follows:

PETITION TO APPROVE COMPROMISE OF PENDING ACTION                     3:16-cv-02645-SI

I am an attorney at law duly licensed to practice before all the Courts of the State of California. If called as a witness, I could and would competently testify to the following matters: CRC §7.955 factors:

1.  The minors in this case have suffered no apparent physical injury nor long term nor apparent lasting physical effects as witnessed by me in meeting with them in their home and more particularly as represented to me by MR. HUERTA.

2.  Plaintiff Jose Huerta is proposing for the benefit of each of his two minor children to provide $227,573.64 allocated as follows: $27,573.64 placed in a blocked account for each such child to be available to each of them at the age of 18 and $200,000.00 to be used to fund future periodic payments for each of them with proposed payouts as specified in Exhibit 4, attached hereto, which is a true and correct copy of the Structured Settlement Option prepared by *Millennium Settlements.*

    Plaintiff's counsel proposes a one-third attorney fee on the entirety of all proceeds consistent with the original retainer agreement and identical to the proportion to which counsel is entitled on the balance of recovery.

3.  The novelty and difficulty are that EMTALA and medical malpractice are all highly specialized very challenging and costly areas of law that the undersigned is particularly experienced in and in particular in two previous cases against the same facility. Prosecution of any such case against such a Defendant is costly [nearly $500,000 in this case], Plaintiff retained 13 experts and three Defendants retained 14 experts. It is extremely high risk, time consuming and challenging and is defended extremely vigorously. Plaintiffs' counsel was formerly counsel for hospitals on the North Coast. Plaintiffs' counsel has represented many victims of negligence and otherwise by this facility and has worked extremely hard to recover extensively from this facility and other Defendants for the benefit of the clients.

4.  This case involves hundreds of hours invested in reviewing the case law and

1        applicable treatises and the federal/state investigation reports and in this particular

2        case the retention of extensive medical consultants.

3   5.     There are no time limitations or constraints imposed by the representative of the

4        minor or by the circumstances.

5   6.     The nature and length of the professional relationship between the undersigned

6        and the representatives of the minors include multiple meetings and conferences

7        and phone calls to explain the process and law since being retained in January

8        2016.

9   7.     The experience, reputation and ability of the undersigned is as follows:  1978

10       graduate of Hastings College of the Law specializing in hospital malpractice with

11       dozens of jury trials and arbitrations.

12   8.    The time and labor is hundreds of hours over many years on these topics.

13       Estimated at approximately 1,000 plus hours on this particular case.

14   9.    JOSE HUERTA, the representative of the minors, is aware of and consents to and

15       requests this settlement.

16   10.   JOSE HUERTA, the representative of the minors, has no significant medical nor

17       legal experience of benefit to this prosecution.

18   11.   The likelihood that the attorney's acceptance of the particular employment would

19       preclude other employment is that there is the significant "opportunity cost" in

20       pursuing this very complex and costly matter on a contingency fee basis risking

21       half a million dollars in attorney's personal funds and all of attorney's time.

22   12.   The fee is contingent.

23     A.    All risk has been borne by the undersigned attorney.

24     B.    Costs advanced by counsel are $497,837.28.

25     C.    The delay in payment of fees and reimbursement of costs paid by the

26         attorney is as follows: Fees advanced from February 27, 2016 through the

27         present and attorney work done from January 28, 2016 to the present,

28         anticipated to be repaid whenever minors compromise is approved by the

1       Court and defendant finally funds the settlement and structure arrangement

2       for the two  minor children.

3    13.    Attached hereto as Exhibit 1 is a true and correct copy of the Attorney-Client Fee

4       Agreement with Petitioners.

5    14.    The California statutory requirements for representation agreements applicable to

6       a minor's compromise is CRC §7.955, a true and correct copy of which is

7       attached hereto as Exhibit 2.

8    15.    Attached hereto as Exhibit 3 is a true and correct copy of the itemized list of the

9       expenses of the undersigned in litigating the matter.

10    16.    Attached hereto as Exhibit 4 are the structured settlement options for AH, RH and

11       SH.

12    17.    This Declaration of Douglas C. Fladseth covers the CRC §7.955 factors for

13       attorney fee procedure and analysis pertinent to the minor's compromise amounts

14   I declare under the laws of the State of California that the foregoing is true and correct.

15   Executed this 22nd day of February, 2019 at Santa Rosa, California.

DOUGLAS C. FLADSETH

PETITION TO APPROVE COMPROMISE OF PENDING ACTION       3:16-cv-02645-SI

## ATTORNEY-CLIENT FEE AGREEMENT
### (MICRA limited)

The undersigned, _Jose Huerta_ ("Client"), employs Douglas C. Fladseth ("Attorney"), on the following terms:

**1.** *Extent of Representation.*

Attorney shall represent Client to recover a settlement or judgment for money or other compensation for injuries and damages suffered by the Clients as the result of the _wife Cynthia Gutierrez @ SRMH coma etc._

If a court action is filed, Attorney will represent Client until a settlement or judgment, by way of arbitration or trial, is reached. Attorney will oppose any motion for a new trial or any other post-trial motions filed by an opposing party, or will make any appropriate post-trial motions on Client's behalf. After judgment, Attorney will not represent Client on any appeal, or in any proceeding to execute on the judgment, unless Clients and Attorney agree that Attorney will provide such services and also agree upon additional fees, if any, to be paid to Attorney for such services. Services in any matter not described above will require a separate written agreement.

Attorney shall have authority to name such persons, firms or entities as defendants in any litigation, to prosecute actions or proceedings, to enforce a judgment or arbitration award for Client.

Client is hereby notified that only Douglas C. Fladseth is responsible for their case, unless written arrangements are made with another attorney.  The attorneys who share space with Douglas C. Fladseth are not affiliated with Douglas C. Fladseth's practice and are not responsible for any aspect of the handling of Client's case.

**2.** *Retainer and Costs.*

Client will advance a retainer in the amount of $_____ (_____ Dollars) to be deposited in Attorney's client trust account to be drawn against for payment of expenses and costs associated with the investigation of Client's matter as said expenses and costs accrue.

Attorney will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs, disbursements and expenses paid or owed by Client in connection with this matter, or which have been advanced by Attorney on Client's behalf and which have not been previously paid or reimbursed to Attorney. Costs, disbursements and litigation expenses commonly include court fees, jury fees, service of process charges, court and deposition reporters' fees, photocopying and reproduction costs, notary fees, long distance telephone charges, messenger and other delivery fees, postage, deposition costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses,

EXHIBIT 1

consultant, expert witness, professional mediator, arbitrator and/or special master fees and other similar items.

Client understands that a retainer for costs may be required before the expenditure is made by Attorney. To aid in the preparation or presentation of Client's case, it may become necessary to hire expert witnesses, consultants or investigators. Client authorizes Attorney to incur all reasonable costs and to hire any investigators, consultants or expert witnesses reasonably necessary in Attorney's judgment.

If an award of fees and/or costs is sought on Client's behalf in this action, Client understands that the amount which the court may order as fees and/or costs is the amount the court believes the party is entitled to recover, and does not determine what fees and/or costs Attorney is entitled to charge Client or that only the fees and/or costs which were allowed were reasonable. Clients agree that, whether or not attorneys' fees or costs are awarded by the court in Clients' case, Clients will remain responsible for the payment, in full, of all attorneys' fees and costs in accordance with this Agreement. Additionally, Client understands that if Client's case proceeds to court action or arbitration, Client may be required to pay fees and/or costs to other parties in the action. Any such award will be entirely the responsibility of Client.

Client authorizes Attorney to pay from Client's share of any compromise or recovery all known and outstanding medical bills and liens on the case.

3.   *Responsibilities of the Parties.*

Attorney will provide those legal services reasonably required to represent Client in prosecuting the claims described in Paragraph 2 and will take reasonable steps to keep Client informed of progress and developments, and to respond promptly to inquiries and communications. Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information and developments which may come to Client's attention, to abide by this Agreement, to pay Attorney's bills for costs on time, and to keep Attorney advised of Client's address, telephone number and whereabouts. Client agrees to appear at all legal proceedings when Attorney deems it necessary, and generally to cooperate fully with Attorney in all matters related to the preparation and presentation of Client's claims.

4.   *Settlement.*

Attorney will not make any settlement or compromise of any nature of any of Client's claims without Client's prior approval. Client retains the absolute right to accept or reject any settlement. Client agrees to consider seriously any settlement offer Attorney recommends before making a decision to accept or reject such offer. Client agrees not to make any settlement or compromise of any nature of any of Client's claim without prior notice to Attorney.

5.   *Contingent Fee.*

Attorney will only be compensated for legal services rendered if a recovery is obtained for Client. If no recovery is obtained, Client will be obligated to pay only for costs, disbursements and expenses.

6.     *Distribution of Recovery.*

Any recovery by settlement or judgment in this case shall be distributed in the following order:

(a)     Reimbursement of all costs advanced to Attorney according to paragraph 2 above;

(b)     Fees to Attorney according to paragraph 7 below;

(c)     All medical liens, including but not limited to worker's compensation and/or any other valid lien; and

(d)     The balance of the recovery to Client.

7.     *Attorney's Fees.*

Attorney's fees shall equal the following proportions of the total attorney fees recovered on behalf of Client, whether by way of lump sum, structured settlement calling for future payments, or a combination of both, and shall be payable at the time of settlement or payment:

(a)     If recovery is by way of lump sum payment only:

(i)     Any recovery based on medical malpractice is limited by MICRA (Business and Profession Code §6146) and will be 40% of the first $50,000; 33.33% of the next $50,000; 25% of the next $500,000 and 15% of any amount over $600,000. The attorney fees that are so limited by MICRA and Business & Professions Code §6146 are also limited to the "net" recovered attorney fees, i.e., total attorney fees less costs incurred.

(ii)     Any recovery not based on medical malpractice and not limited by MICRA (Business and Profession Code §6146) will be one-third (1/3) if settled before arbitration or trial and 40% if trial or arbitration is commenced and will be based on the total (gross) attorney fees recovered.

(b)     If recovery is by way of a structured settlement calling for future payments and/or a lump sum payment, then Attorney shall receive payment as follows:

(i)     By placing an evaluation on the total of all benefits to be received by Client under the terms of the structured settlement, including income tax benefits, based on Client's life expectancy as determined in applicable expectancy tables, and determining therefrom the present value thereof, using a discount rate of six percent (6%), and adding to the result the total of any lump sum and determining the fee on the total thereof based on the percentages set forth in paragraphs 7 (a) (i) or (ii) above.

(c)     This fee is not set by law but is negotiable between Attorney and Client.

(d)     Attorney and Client further agrees that the fees agreed upon herein apply only through settlement in advance of trial or the original trial of this matter.  Client understands that while Attorney does appellate work, this contract does not cover compensation for such work, and that if the need should arise for an appeal either to be prosecuted or defended, then Client will enter into a separate agreement for attorney's fees with whatever law firm is selected to handle the appellate work.  Any retrial of this matter would be subject to a new and different fee agreement.  However, in the event that a retrial of this matter is necessitated by the mistake or error of trial counsel, the appellate work will not be subject to a new and different fee agreement; rather, the fee agreement as set forth herein will apply to all appellate work.

## 8.     *Attorney's Lien.*

Client hereby grants Attorney a lien on any and all claims or causes of action that are the subject of Attorney's representation under this Agreement. Attorney's lien will be for any sums owing to Attorney for any unpaid costs, or attorneys' fees at $500 per hour, at the conclusion of Attorney's services. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise. The effect of such a lien is that Attorney may be able to compel payment of fees and costs from any such funds recovered on behalf of Clients even if Attorney has been discharged before the end of the case. Because a lien may affect Client's property rights, Client may seek the advice of an independent lawyer of Client's own choice before agreeing to such a lien. By initialing this paragraph, Client represents and agrees that Client has a reasonable opportunity to consult such an independent lawyer and—whether or not Client has chosen to consult such an independent lawyer—Client agrees that Attorney will have a lien as specified above.

Explained, Read and Approved:     ⟍SH⟍____ (Client's initials)

## 9.     *Discharge and Withdrawal.*

Client may discharge Attorney at any time, upon written notice to Attorney. Attorney may withdraw from representation of Client (a) with Client's consent, (b) upon court approval, or (c) if no court action has been filed, for good cause and upon reasonable notice to Client. Good cause includes Client's breach of this contract, Client's refusal to cooperate with Attorney or to follow Attorney's advice on a material matter, or any other fact or circumstance that would render Attorney's continuing representation unlawful or unethical.

Notwithstanding Attorney's withdrawal or Client's notice of discharge, and without regard to the reasons for the withdrawal or discharge, Client will remain obligated to pay Attorney for all costs incurred prior to the termination and, in the event that there is any net recovery obtained by Client after conclusion of Attorney's services, Client remain obligated to pay Attorney for the reasonable value of all services rendered from the effective date of this

Agreement to the date of discharge.

**10.   *Sanctions*.**

Client understands that during any lawsuit discovery proceedings may be undertaken, such as depositions, interrogatories and other procedures permitted by law in which a party attempts to learn facts about the case from the other party. Attorney may be obligated to oppose certain discovery efforts of another party, or to assert Client's right to discovery of information from an opposing party. The exact details of such discovery activities cannot, of course, be known at this time. In so acting, Attorney will be asserting Client's best interest as they then appear to Attorney and for the benefit of Client. In the event that Attorney' efforts are resisted by an opposing party and the court should assess monetary sanctions for Attorney' efforts in attempting  to protect Client's interest, Client agrees that any such monetary sanction awarded against Attorney shall be deemed costs for all purposes in this Agreement. Likewise, should monetary sanctions be awarded Attorney, the sum received will first be applied against costs then incurred, and any excess shall be retained by Attorney to be utilized for the purpose of defraying costs as they incur. At the conclusion of the lawsuit, should there be any excess in the monies awarded as sanctions, such excess shall be divided between Client and Attorney as herein provided.

**11.   *Previous Attorney*.**

In cases where another attorney has assisted Client and/or forwarded the matter which is the subject of this Agreement to Attorney for representation, said forwarding attorney will receive part of the Attorney's net portion of the recovery to which Client would otherwise be entitled. This division of Attorney's fees does not represent an additional increased fee, and by signing this retainer agreement Client agrees to said division.

**12.   *Medical Treatment; Disclosure*.**

Attorney has no obligation to obtain or pay for Client's medical treatment, other expenses or other liens.

Client understands that if the case is dismissed or lost at trial the court may award allowable defense costs against Client which will be the personal obligation of Client. Client further understands that filing a complaint without reasonable cause or with malicious intent can subject Client to a countersuit for malicious prosecution and related claims. Client authorizes Attorney to file and serve all notices, papers and pleadings (including complaints) which Attorney in his discretion deems reasonably necessary. Client has accurately and truthfully informed Attorney of all facts and all the information that Client possess concerning the case.

**13.   *Scope of Representation*.**

Attorney is representing Client only on the matter described in Paragraph 1. Attorney's representation does not include independent or related matters that may arise, including, among

other things, claims for property damage, workers' compensation, disputes with a health care provider about the amount owed for their services, or claims for reimbursement (subrogation) by any insurance company for benefits paid under an insurance policy.

This Agreement also does not include defending Client against, or representing Client in any claims that may be asserted against Client as a cross-claim or counter-claim in Client's case. This Agreement does not apply to any other legal matters. If any such matters arise later, Attorney and Client will either negotiate a separate agreement if Client and Attorney agree that Attorney will perform such additional legal work or Client will engage separate counsel with respect to the cross-claim or counter-claim or additional legal work.

14. *Conclusion of Services.*

When Attorney's services conclude, all unpaid charges will immediately become due and payable. Attorney is authorized to use any funds held in Attorney's trust account as a deposit against costs to apply to such unpaid charges. After Attorney's services conclude, upon request, Client's file and property will be delivered to Client, or Client's other attorney, whether or not Client has paid any fees and/or costs owed to Attorney.

15. *Receipt of Proceeds.*

All proceeds of Client's case shall be deposited into Attorney's trust account for disbursement in accordance with the provisions of this Agreement.

16. *Disclaimer of Guarantee.*

Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of this matter. Attorney makes no such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Attorney's comments about the outcome of this matter are expressions of opinion only. Client acknowledges that Attorney has made no promise or guarantees about the outcome.

17. *Entire Agreement.*

This Agreement contains the entire agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

18. *Severability in Event of Partial Invalidity.*

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

19. *Modification by Subsequent Agreement.*

This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

**20.**   *Effective Date.*

This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of the Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM, AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES.  IF MORE THAN ONE CLIENTS SIGNS BELOW, EACH AGREES TO BE LIABLE JOINTLY AND SEVERALLY FOR ALL OBLIGATIONS UNDER THIS AGREEMENT.  THE CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

DATED:  1-28-16

LAW OFFICE OF DOUGLAS FLADSETH

DATED:  1-28-16

Douglas C. Fladseth



# 2018 California Rules Of Court

## Rule 7.955. Attorney's fees for services to a minor or a person with a disability

### (a) Reasonable attorney's fees

(1) In all cases under Code of Civil Procedure section 372 or Probate Code sections 3600–3601, unless the court has approved the fee agreement in advance, the court must use a reasonable fee standard when approving and allowing the amount of attorney's fees payable from money or property paid or to be paid for the benefit of a minor or a person with a disability.

(2) The court must give consideration to the terms of any representation agreement made between the attorney and the representative of the minor or person with a disability and must evaluate the agreement based on the facts and circumstances existing at the time the agreement was made, except where the attorney and the representative of the minor or person with a disability contemplated that the attorney's fee would be affected by later events.

*(Subd (a) amended and lettered effective January 1, 2010; adopted as unlettered subd.)*

### (b) Factors the court may consider in determining a reasonable attorney's fee

In determining a reasonable attorney's fee, the court may consider the following nonexclusive factors:

(1) The fact that a minor or person with a disability is involved and the circumstances of that minor or person with a disability.

(2) The amount of the fee in proportion to the value of the services performed.

(3) The novelty and difficulty of the questions involved and the skill required to perform the legal services properly.

(4) The amount involved and the results obtained.

(5) The time limitations or constraints imposed by the representative of the minor or person with a disability or by the circumstances.

(6) The nature and length of the professional relationship between the attorney and the representative of the minor or person with a disability.

(7) The experience, reputation, and ability of the attorney or attorneys performing the legal services.

(8) The time and labor required.

(9) The informed consent of the representative of the minor or person with a disability to the fee.

(10) The relative sophistication of the attorney and the representative of the minor or person with a disability.

(11) The likelihood, if apparent to the representative of the minor or person with a disability when the representation agreement was made, that the attorney's acceptance of the particular employment would preclude other employment.

(12) Whether the fee is fixed, hourly, or contingent.

(13) If the fee is contingent:

    (A) The risk of loss borne by the attorney;

    (B) The amount of costs advanced by the attorney; and

    (C) The delay in payment of fees and reimbursement of costs paid by the attorney.

(14) Statutory requirements for representation agreements applicable to particular cases or claims.

*(Subd (b) adopted effective January 1, 2010.)*

### (c) Attorney's declaration

**EXHIBIT 2**

A petition requesting court approval and allowance of an attorney's fee under (a) must include a declaration from the attorney that addresses the factors listed in (b) that are applicable to the matter before the court.

*(Subd (c) adopted effective January 1, 2010.)*

## (d) Preemption

The Judicial Council has preempted all local rules relating to the determination of reasonable attorney's fees to be awarded from the proceeds of a compromise, settlement, or judgment under Probate Code sections 3600–3601. No trial court, or any division or branch of a trial court, may enact or enforce any local rule concerning this field, except a rule pertaining to the assignment or scheduling of a hearing on a petition or application for court approval or allowance of attorney's fees under sections 3600–3601. All local rules concerning this field are null and void unless otherwise permitted by a statute or a rule in the California Rules of Court.

*(Subd (d) adopted effective January 1, 2010.)*

*Rule 7.955 amended effective January 1, 2010; adopted effective January 1, 2003; previously amended effective January 1, 2007.*

### Advisory Committee Comment

This rule requires the court to approve and allow attorney's fees in an amount that is reasonable under all the facts and circumstances, under Probate Code section 3601. The rule is declaratory of existing law concerning attorney's fees under a contingency fee agreement when the fees must be approved by the court. The facts and circumstances that the court may consider are discussed in a large body of decisional law under section 3601 and under other statutes that require the court to determine reasonable attorney's fees. The factors listed in rule 7.955(b) are modeled after those provided in rule 4-200 of the Rules of Professional Conduct of the State Bar of California concerning an unconscionable attorney's fee, but the advisory committee does not intend to suggest or imply that an attorney's fee must be found to be unconscionable under rule 4-200 to be determined to be unreasonable under this rule.

The rule permits, but does not require, the court to allow attorney's fees in an amount specified in a contingency fee agreement. The amount of attorney's fees allowed by the court must meet the reasonableness standard of section 3601 no matter how they are determined.

LAW OFFICES OF

# DOUGLAS C. FLADSETH

1160 North Dutton Avenue, Suite 180
Santa Rosa, California 95401

Telephone: (707) 545-2600                    Facsimile: (707) 545-0552

**INVOICE: Gutierrez 1**                                    **April 18, 2016**

| Date: | Item: | Amount paid: |
|-------|-------|-------------:|
| 02/27/16 | Postage | $14.44 |
| 03/03/16 | Strategic Consulting | $218.75 |
| 03/18/16 | Quest Discovery | $159.75 |
| 04/16/16 | Quest Discovery | $57.25 |

| | |
|---|---:|
| TOTAL COSTS THIS INVOICE: | $450.19 |
| BALANCE FROM LAST INVOICE: | $0.00 |
| TOTAL COSTS ADVANCED: | $450.19 |
| **TOTAL DUE/CREDIT BALANCE:** | **$450.19** |

# EXHIBIT 3

LAW OFFICES OF

# DOUGLAS C. FLADSETH

1160 North Dutton Avenue, Suite 180
Santa Rosa, California 95401

Telephone: (707) 545-2600                      Facsimile: (707) 545-0552

**INVOICE: Gutierrez 2**                              **January 8, 2017**

| Date: | Item: | Amount paid: |
|-------|-------|-------------:|
| 05/17/16 | Federal Court | $400.00 |
| 05/27/16 | Postage | $1.82 |
| 06/02/16 | Strategic Consulting | $350.00 |
| 06/27/16 | Postage | $2.19 |
| 07/02/16 | Quest Discovery | $57.25 |
|  | Quest Discovery | $57.25 |
| 08/04/16 | One Legal | $79.90 |
| 08/19/16 | Fast Track | $65.00 |
| 08/27/16 | Postage | $0.93 |
| 09/16/16 | Strategic Consulting | $35.00 |
| 09/24/16 | Strategic Consulting | $49.70 |
| 09/27/16 | Postage | $1.60 |
| 10/14/16 | Strategic Consulting | $11.55 |
|  | Strategic Consulting | $87.50 |
| 10/23/16 | Fed Ex | $26.29 |
| 10/25/16 | Quest Discovery Service (QDS) | $82.98 |
|  | QDS | $357.68 |
|  | QDS | $274.36 |
| 10/27/16 | Postage | $1.14 |
| 11/08/16 | Strategic Consulting | $1,268.75 |
|  | Strategic Consulting | $50.00 |
|  | Strategic Consulting | $29.05 |
|  | Strategic Consulting | $175.00 |
| 11/30/16 | Quest Discovery Service | $84.93 |

| 12/16/16 | Bruce Wapen, MD | $3,000.00 |
| | Strategic Consulting (SC) | $17.50 |
| | SC | $150.00 |
| | SC | $1,457.75 |
| | SC | $140.00 |
| 12/27/16 | Postage | $0.46 |
| 12/31/16 | SC | $131.25 |
| | SC | $26.25 |
| | SC | $17.46 |

| | |
| --- | --- |
| TOTAL COSTS THIS INVOICE: | $8,090.54 |
| BALANCE FROM LAST INVOICE: | $450.19 |
| TOTAL COSTS ADVANCED: | $8,540.73 |
| **TOTAL DUE/CREDIT BALANCE:** | **$8,540.73** |

LAW OFFICES OF

# DOUGLAS C. FLADSETH

1160 North Dutton Avenue, Suite 180
Santa Rosa, California 95401

Telephone: (707) 545-2600                    Facsimile: (707) 545-0552

**INVOICE: Gutierrez 3**                                    **March 23, 2017**

| Date: | Item: | Amount paid: |
|---|---|---|
| 01/24/17 | Strategic Consulting | $26.25 |
| | Strategic Consulting | $62.50 |
| | Strategic Consulting | $306.25 |
| | Strategic Consulting | $275.00 |
| | Fed Ex | $46.96 |
| 01/27/17 | Postage | $0.93 |
| 02/06/17 | Strategic Consulting | $987.50 |
| | Strategic Consulting | $8.75 |
| | Strategic Consulting | $306.25 |
| | Kenneth Stein, MD expert | $1,150.00 |
| | Carol Hyland, RN expert | $3,500.00 |
| | Barry Ben-Zion | $5,000.00 |
| 02/15/17 | Dr. Deborah Doherty | $7,500.00 |
| 02/21/17 | Strategic Consulting | $175.00 |
| | Strategic Consulting | $175.00 |
| 02/27/17 | Postage | $7.76 |
| 03/03/17 | Strategic Consulting | $87.50 |
| | Strategic Consulting | $425.00 |
| | Strategic Consulting | $239.40 |
| 03/18/17 | Strategic Consulting | $697.20 |
| | Strategic Consulting | $58.50 |
| | Strategic Consulting | $3,237.50 |
| | Strategic Consulting | $953.75 |
| | Strategic Consulting | $187.50 |

| 03/18/17 | Strategic Consulting | $4,970.00 |
| | Strategic Consulting | $385.00 |
| | Richard Zane, MD expert | $3,500.00 |
| 03/23/17 | Strategic Consulting | $990.50 |
| | Strategic Consulting | $638.75 |

| TOTAL COSTS THIS INVOICE: | $35,898.75 |
| BALANCE FROM LAST INVOICE: | $8,540.73 |
| TOTAL COSTS ADVANCED: | $44,439.48 |

| **TOTAL DUE/CREDIT BALANCE:** | **$44,439.48** |

LAW OFFICES OF

# DOUGLAS C. FLADSETH

1160 North Dutton Avenue, Suite 180
Santa Rosa, California 95401

Telephone:  (707) 545-2600                          Facsimile:  (707) 545-0552

**INVOICE: Gutierrez 4**                                               **April 28, 2017**

| Date: | Item: | Amount paid: |
|---|---|---|
| 03/27/17 | Postage | $3.79 |
| 03/29/17 | Strategic Consulting (SC) | $140.00 |
| | SC | $1,137.50 |
| | SC | $1,750.00 |
| | SC | $75.00 |
| | SC | $341.25 |
| 04/06/17 | Quest Discovery Service | $118.75 |
| | SC | $20.00 |
| 04/18/17 | SC | $256.55 |
| | SC | $296.40 |
| | SC | $195.30 |
| | SC | $3,736.25 |
| | SC | $390.00 |
| | SC | $446.25 |
| 04/25/17 | SC | $831.25 |
| | SC | $190.20 |
| | SC | $61.25 |
| | Atkinson Baker | $298.45 |
| | Fed Ex | $41.03 |
| | Fed Ex | $7.56 |

| | | |
|---|---|---|
| TOTAL COSTS THIS INVOICE: | | $10,336.78 |
| BALANCE FROM LAST INVOICE: | | $44,439.48 |
| TOTAL COSTS ADVANCED: | | $54,776.26 |

**TOTAL DUE/CREDIT BALANCE:**              **$54,776.26**

LAW OFFICES OF

# DOUGLAS C. FLADSETH

1160 North Dutton Avenue, Suite 180
Santa Rosa, California 95401

Telephone: (707) 545-2600                    Facsimile: (707) 545-0552

**INVOICE: Gutrierrez 5**                                    **July 26, 2017**

| Date: | Item: | Amount paid: |
|---|---|---|
| 04/27/17 | Postage | $3.77 |
| 05/14/17 | Quest Discovery Service (QDS) | $65.78 |
| | QDS | $113.28 |
| | QDS | $50.00 |
| 05/22/17 | Strategic Consulting (SC) | $8.75 |
| 05/27/17 | Postage | $5.34 |
| 05/30/17 | SC | $3,785.25 |
| | SC | $405.00 |
| | SC | $78.75 |
| | SC | $1,006.25 |
| | SC | $1,230.00 |
| | SC | $8.75 |
| | SC | $204.16 |
| | SC | $140.00 |
| | SC | $85.00 |
| 06/06/17 | SC | $52.50 |
| | SC | $165.00 |
| 06/23/17 | Deborah Doherty, MD | $7,608.33 |
| | SC | $2,189.25 |
| | SC | $8.75 |
| | SC | $1,312.50 |
| 06/27/17 | Postage | $0.92 |
| 07/06/17 | SC | $1,120.00 |
| | SC | $3,281.25 |

| | | |
|---|---|---|
| 07/10/17 | Quest Discovery Service (QDS) | $78.49 |
| | QDS | $64.98 |
| | QDS | $404.76 |
| 07/11/17 | Strategic Consulting (SC) | $175.00 |
| | SC | $1,324.05 |
| 07/26/17 | SC | $224.35 |
| | SC | $649.80 |
| | SC | $245.00 |
| 07/27/17 | QDS | $57.25 |
| | QDS | $57.25 |
| | QDS | $57.25 |
| | QDS | $79.86 |
| | QDS | $71.75 |
| | QDS | $53.00 |

| | |
|---|---|
| TOTAL COSTS THIS INVOICE: | $26,471.37 |
| BALANCE FROM LAST INVOICE: | $54,776.26 |
| TOTAL COSTS ADVANCED: | $81,247.63 |
| **TOTAL DUE/CREDIT BALANCE:** | **$81,247.63** |

LAW OFFICES OF

# DOUGLAS C. FLADSETH

1160 North Dutton Avenue, Suite 180
Santa Rosa, California 95401

Telephone: (707) 545-2600

Facsimile: (707) 545-0552

**INVOICE:Gutierrez 6**

**November 11, 2017**

| Date: | Item: | Amount paid: |
|---|---|---|
| 07/27/17 | Postage | $0.92 |
| 08/02/17 | Strategic Consulting | $116.55 |
| | Strategic Consulting | $255.00 |
| 08/08/17 | Strategic Consulting | $840.00 |
| | Strategic Consulting | $288.75 |
| 08/11/17 | Strategic Consulting | $56.40 |
| | Strategic Consulting | $98.35 |
| 08/18/17 | Strategic Consulting | $175.00 |
| 08/21/17 | Quest Discovery Service | $120.27 |
| 08/23/17 | Fed Ex | $7.50 |
| | Fed Ex | $7.50 |
| | Fed Ex | $7.50 |
| | Fed Ex | $7.50 |
| | Fed Ex | $8.86 |
| | Fed Ex | $11.16 |
| 08/27/17 | Postage | $4.31 |
| 09/12/17 | Strategic Consulting | $700.00 |
| | Strategic Consulting | $159.95 |
| 09/27/17 | Postage | $4.77 |
| 10/16/17 | Strategic Consulting | $110.60 |
| | Strategic Consulting | $175.00 |
| | Strategic Consulting | $75.95 |
| | Strategic Consulting | $8.75 |
| | Strategic Consulting | $495.50 |

| 10/16/17 | Strategic Consulting | $45.00 |
| | Strategic Consulting | $52.50 |
| 10/19/17 | Steven Fugaro, MD | $2,887.50 |
| | Sang-Mo Kang, MD | $3,000.00 |
| 10/24/17 | Strategic Consulting | $11.55 |
| 10/27/17 | Postage | $4.14 |
| 11/01/17 | LexisNexis | $5.76 |
| 11/02/17 | Califorensics | $1,400.00 |
| 11/06/17 | Strategic Consulting | $2,879.80 |
| 11/10/17 | Strategic Consulting | $2,838.90 |

| | |
|---|---|
| TOTAL COSTS THIS INVOICE: | $16,861.24 |
| BALANCE FROM LAST INVOICE: | $81,247.63 |
| TOTAL COSTS ADVANCED: | $98,108.87 |
| **TOTAL DUE BALANCE:** | **$98,108.87** |

LAW OFFICES OF

# DOUGLAS C. FLADSETH

1160 North Dutton Avenue, Suite 180
Santa Rosa, California 95401

Telephone:  (707) 545-2600                         Facsimile:  (707) 545-0552

**INVOICE: Gutierrez 7**                              **January 11, 2018**

| Date: | Item: | Amount paid: |
|---|---|---|
| 11/20/17 | Strategic Consulting | $425.20 |
| 11/25/17 | Quest Discovery Service | $51.93 |
|  | Quest Discovery Service | $17.00 |
|  | Strategic Consulting | $498.75 |
| 11/27/17 | Postage | $8.33 |
| 12/01/17 | Lexis Nexis | $13.09 |
| 12/02/17 | Strategic Consulting | $17.50 |
| 12/05/17 | Atkinson Baker Reporters | $458.50 |
|  | Quest Discovery Service | $57.25 |
|  | Quest Discovery Service | $57.25 |
|  | Quest Discovery Service | $57.25 |
|  | Quest Discovery Service | $101.13 |
| 12/15/17 | Strategic Consulting | $29.05 |
| 12/26/17 | Quest | $48.01 |
|  | Quest | $23.79 |
|  | Quest | $99.83 |
|  | Quest | $43.00 |
| 12/27/17 | Postage | $8.68 |
| 12/28/17 | Califorensics | $87.50 |
|  | Strategic Consulting | $121.45 |
| 01/01/18 | Lexis Nexis | $3.72 |
| 01/05/18 | Quest | $54.00 |
|  | Quest | $17.00 |
|  | Quest | $40.00 |

| 01/05/18 | Quest Discovery Service | $94.62 |
| | Quest | $45.41 |
| | Quest | $17.00 |
| 01/05/18 | Strategic Consulting | $108.15 |
| 01/09/18 | Strategic Consulting | $764.05 |

| | |
|---|---|
| TOTAL COSTS THIS INVOICE: | $3,368.44 |
| BALANCE FROM LAST INVOICE: | $98,108.87 |
| TOTAL COSTS ADVANCED: | $101,477.31 |
| **TOTAL DUE/CREDIT BALANCE:** | **$101,477.31** |

LAW OFFICES OF

# DOUGLAS C. FLADSETH

1160 North Dutton Avenue, Suite 180
Santa Rosa, California 95401

Telephone: (707) 545-2600                    Facsimile: (707) 545-0552

**INVOICE: Gutierrez 8**                                    **April 13, 2018**

| Date: | Item: | Amount paid: |
|---|---|---|
| 01/19/18 | Quest Discovery Service | $76.58 |
| | Quest Discovery Service | $252.89 |
| | Quest Discovery Service | $49.64 |
| | Quest Discovery Service | $110.26 |
| | Quest Discovery Service | $40.00 |
| | Quest Discovery Service | $17.00 |
| | Mike Tunick Videography | $505.00 |
| 01/24/18 | Califorensics | $1,225.00 |
| 01/27/18 | Postage | $16.43 |
| 01/29/18 | Litigation Services | $1,030.87 |
| | Litigation Services | $707.83 |
| | Litigation Services | $1,047.51 |
| 02/01/18 | Quest Discovery Services | $48.67 |
| | Quest Discovery Services (QDS) | $21.73 |
| | QDS | $72.78 |
| | QDS | $55.84 |
| | QDS | $27.00 |
| 02/05/18 | Strategic Consulting | $68.65 |
| | Strategic Consulting | $2,292.15 |
| | Strategic Consulting | $497.50 |
| | Lexis Nexis | $1.82 |
| 02/20/18 | Strategic Consulting | $224.35 |
| | Califorensics | $1,400.00 |
| 02/20/18 | Quest Discovery Services (QDS) | $208.35 |

| | | |
|---|---|---|
| | QDS | $63.50 |
| | QDS | $39.00 |
| | QDS | $29.98 |
| | Strategic Consulting | $495.95 |
| 03/08/18 | Anthony Hopkins Investigations | $250.00 |
| | Fast Track | $110.00 |
| 03/09/18 | QDS | $35.00 |
| | QDS | $119.01 |
| | Litigation Services | $55.00 |
| | Litigation Services | $1,440.00 |
| | Litigation Services | $1,080.35 |
| | Litigation Services | $1,030.00 |
| | Litigation Services | $497.34 |
| | Litigation Services | $761.40 |
| | Litigation Services | $1,968.56 |
| | Litigation Services | $538.40 |
| | No World Borders | $7,500.00 |
| 03/20/18 | Fed Ex | $107.34 |
| | Strategic Consulting | $1,541.15 |
| 04/03/18 | Litigation Services | $688.04 |
| 04/05/18 | Strategic Consulting | $3,985.85 |
| 04/06/18 | No World Borders | $5,150.00 |
| | Jewell Nursing Solutions | $1,100.00 |
| 04/10/18 | Lexis Nexis | $8.00 |
| | Strategic Consulting | $5,930.30 |
| | Strategic Consulting | $662.50 |
| | Strategic Consulting | $6,895.95 |
| | Strategic Consulting | $7,711.80 |

TOTAL COSTS THIS INVOICE:                                    $59,792.27

BALANCE FROM LAST INVOICE:                                    $101,477.31

TOTAL COSTS ADVANCED:                                         $161,269.58


**TOTAL DUE/CREDIT BALANCE:**                                 **$161,269.58**

LAW OFFICES OF

# DOUGLAS C. FLADSETH

1160 North Dutton Avenue, Suite 180
Santa Rosa, California 95401

Telephone: (707) 545-2600                    Facsimile: (707) 545-0552

**INVOICE:Gutierrez 9**                           **June 21, 2018**

| Date: | Item: | Amount paid: |
|---|---|---|
| 03/27/18 | Postage | $17.97 |
| 04/13/18 | Fast Track Attorney and Legal Support Service | $325.00 |
| 04/16/18 | Litigation Services | $599.36 |
| 04/20/18 | Fred Weissman | $3,375.00 |
| 04/24/18 | Todd Brian Taylor, MD | $5,000.00 |
|  | Califorensics | $525.00 |
|  | Deborah L. Doherty, MD | $7,650.00 |
| 04/27/18 | Postage | $34.51 |
| 05/01/18 | Lexis Nexis | $2.59 |
| 05/03/18 | Andrew Wittenberg, MD | $1,350.00 |
|  | Tri Valley Universal | $155.00 |
| 05/17/18 | Strategic Consulting | $1,552.80 |
|  | Strategic Consulting | $1,654.10 |
|  | Strategic Consulting | $2,372.09 |
|  | Steven Fugaro, MD | $4,812.50 |
|  | Carol Hyland, RN | $6,112.85 |
| 05/27/18 | Postage | $14.32 |
| 05/29/18 | Shapiro Settlement Solutions | $2,000.00 |
|  | Strategic Consulting | $2,101.70 |
|  | Strategic Consulting | $2,604.05 |
|  | Litigation Services | $742.50 |
|  | Litigation Services | $55.00 |
|  | Litigation Services | $760.89 |
| 05/29/18 | Litigation Services | $225.00 |

| | | |
|---|---|---:|
| 05/30/18 | No World Borders | $2,500.00 |
| 06/01/18 | Deborah Doherty, MD | $6,000.00 |
| 06/05/18 | Litigation Services | $756.46 |
| | Litigation Services | $657.57 |
| | Litigation Services | $55.00 |
| | Carol Hyland | $4,000.00 |
| 06/06/18 | Lexis Nexis | $0.81 |
| 06/12/18 | Strategic Consulting | $5,037.60 |
| | Strategic Consulting | $4,565.80 |
| 06/19/18 | Fred Weissman, PharmD | $400.00 |
| | Fast Track Attorney and Legal Support Services | $65.00 |

TOTAL COSTS THIS INVOICE:        $68,080.47

BALANCE FROM LAST INVOICE:     $161,269.58

TOTAL COSTS ADVANCED:          $229,350.05

**TOTAL DUE BALANCE:**            **$229,350.05**

LAW OFFICES OF

# DOUGLAS C. FLADSETH

1160 North Dutton Avenue, Suite 180
Santa Rosa, California 95401

Telephone: (707) 545-2600                              Facsimile: (707) 545-0552

**INVOICE: Gutierrez 10**                              **September 3, 2018**

| Date: | Item: | Amount paid: |
|---|---|---|
| 06/22/18 | Nachman Brautbar, MD | $10,000.00 |
| 06/27/18 | Postage | $44.58 |
| 07/05/18 | Lexis Nexis | $9.58 |
| 07/17/18 | Strategic Consulting | $50.00 |
| | Deborah Doherty, MD | $2,391.67 |
| | Litigation Services | $469.68 |
| | Litigation Services | $940.17 |
| | Litigation Services | $1,080.00 |
| | Litigation Services | $837.93 |
| | Strategic Consulting | $2,315.60 |
| | Strategic Consulting | $1,149.75 |
| | Strategic Consulting | $1,408.75 |
| | Strategic Consulting | $1,064.70 |
| 07/18/18 | Dr. Marc Shalit | $13,960.00 |
| | Debbie H. Morikawa, RN | $8,606.25 |
| 07/19/18 | Nachman Brautbar MD | $1,737.50 |
| | Todd B. Taylor, MD | $4,200.00 |
| 07/23/18 | Strategic Consulting | $2,289.35 |
| | Strategic Consulting | $961.75 |
| | Strategic Consulting | $1,425.90 |
| | Strategic Consulting | $525.00 |
| | Litigation Services | $405.00 |
| 07/23/18 | Litigation Services | $899.25 |
| 07/23/18 | Litigation Services | $786.00 |

| | | |
|---|---|---|
| 07/25/18 | Assured Investigations | $500.00 |
| | Sang Mo Kang, MD | $7,125.00 |
| 07/26/18 | Postage | $68.78 |
| 08/06/18 | Nachman Brautbar | $10,000.00 |
| 08/12/18 | One Hour Delivery | $84.70 |
| | One Hour Delivery | $93.50 |
| 08/18/18 | Jewell Nursing Solutions | $625.00 |
| | Marc Shalit, MD | $2,677.00 |
| | Olzack HealthCare Consulting | $400.00 |
| | travel meals | $96.24 |
| | Parking | $108.00 |
| | Bridge Tolls | $22.50 |
| | Todd Taylor, MD | $5,150.00 |
| 08/18/18 | Todd Taylor, MD (travel) | $476.56 |
| 08/21/18 | Zlatan Coralic, Pharm | $2,290.00 |
| | David Bradshaw, MD | $1,950.00 |
| | William Whetstone, MD | $2,800.00 |
| | Attorneys' Personal Services | $99.00 |
| | No World Borders | $13,050.00 |
| 08/23/18 | Wilmore and Associates | $77.50 |
| 08/26/18 | Postage | $9.72 |
| 08/31/18 | One Hour Delivery | $101.20 |
| | One Hour Delivery | $101.20 |
| 09/04/48 | Litigation Services | $926.16 |
| | Litigation Services | $779.76 |
| | Litigation Services | $839.87 |
| | Quest Discovery Services | $17.00 |
| | Strategic Consulting | $3,817.80 |
| | Strategic Consulting | $2,432.85 |
| | Scott Kush, MD | $825.00 |

| | |
|---|---:|
| TOTAL COSTS THIS INVOICE: | $115,102.75 |
| BALANCE FROM LAST INVOICE: | $229,350.05 |
| TOTAL COSTS ADVANCED: | $344,452.80 |
| **TOTAL DUE/CREDIT BALANCE:** | **$344,452.80** |

LAW OFFICES OF

# DOUGLAS C. FLADSETH

1160 North Dutton Avenue, Suite 180
Santa Rosa, California 95401

Telephone: (707) 545-2600                          Facsimile: (707) 545-0552

**INVOICE: Gutierrez 11**                                    **November 7, 2018**

| Date: | Item: | Amount paid: |
|---|---|---|
| 09/03/18 | Alaska Airlines for Dr. Arrigo | $289.00 |
| | Postage | $10.19 |
| | Lexix Nexis | $20.55 |
| 09/07/18 | Robert Weiss, MD | $2,025.00 |
| | Katherine Kelly, RN | $1,000.00 |
| 09/11/18 | Attorney Personal Services, INC | $99.00 |
| | Neal Benowitz, MD | $3,187.50 |
| | John Luce, MD | $750.00 |
| 09/14/18 | Litigation Services | $1,359.68 |
| | Fast Track bridge toll | $7.00 |
| 09/21/18 | Carol Hyland, RN | $1,369.70 |
| | JAMS | $1,445.00 |
| | Strategic Consulting | $3,786.25 |
| | Strategic Consulting | $315.00 |
| | Strategic Consulting | $4,668.10 |
| | Sue Altamirano, RN | $1,031.25 |
| 09/26/18 | Postage | $5.17 |
| 09/27/18 | US Legal Support | $797.90 |
| | US Legal Support | $501.10 |
| | US Legal Support | $599.70 |
| | Steven Fugaro, MD partial payment | $5,000.00 |
| 10/02/18 | Mark Cohen, Economist | $1,067.50 |
| 10/04/18 | Strategic Consulting | $4,838.10 |
| | Strategic Consulting | $5,504.75 |

| Date | Description | Amount |
|---|---|---|
| 10/07/18 | Fred G. Weissman, Pharm | $8,630.00 |
| 10/11/18 | Marc Shalit, MD | $9,324.00 |
| | Barry Ben Zion | $4,320.00 |
| 10/25/18 | Litigation Services | $971.60 |
| | Litigation Services | $1,138.59 |
| | Litigation Services | $1,463.65 |
| | Litigation Services | $1,840.00 |
| | Litigation Services | $2,995.00 |
| | Litigation Services | $150.00 |
| | Litigation Services | $869.44 |
| | Litigation Services | $110.00 |
| | Litigation Services | $110.00 |
| | Litigation Services | $1,464.75 |
| | Litigation Services | $882.75 |
| | Litigation Services | $55.00 |
| | Litigation Services | $55.00 |
| | Litigation Services | $110.00 |
| 11/07/18 | Litigation Services | $1,645.90 |

| | |
|---|---|
| TOTAL COSTS THIS INVOICE: | $75,813.12 |
| BALANCE FROM LAST INVOICE: | $344,452.80 |
| TOTAL COSTS ADVANCED: | $420,265.92 |

| | |
|---|---|
| **TOTAL DUE/CREDIT BALANCE:** | **$420,265.92** |

LAW OFFICES OF

# DOUGLAS C. FLADSETH

1160 North Dutton Avenue, Suite 180
Santa Rosa, California 95401

Telephone: (707) 545-2600                         Facsimile: (707) 545-0552

**INVOICE: Gutierrez 12**                                     **November 20, 2018**

| Date: | Item: | Amount paid: |
|---|---|---|
| 11/15/18 | Strategic Consulting | $545.30 |
| | Strategic Consulting | $46.90 |
| | Strategic Consulting | $280.00 |
| | Strategic Consulting | $180.95 |
| | Strategic Consulting | $506.80 |
| 11/15/18 | Strategic Consulting | $236.60 |
| | Strategic Consulting | $840.00 |
| 11/09/18 | Quest Discovery | $103.09 |
| | No World Borders | $2,850.00 |
| | Dr. Fugaro | $10,000.00 |
| 11/20/18 | Dr. Fugaro | $1,525.00 |
| 11/20/18 | Dr. Fugaro | $962.50 |
| 11/16/18 | Marc Shalit, MD | $3,300.00 |
| 11/28/18 | Litigation Services | $1,229.16 |
| 11/28/18 | Litigation Services | $853.45 |
| 11/28/18 | Litigation Services | $549.77 |
| 11/28/18 | Litigation Services | $1,226.22 |
| 11/28/18 | Litigation Services | $55.00 |
| 11/28/18 | Litigation Services | $979.53 |
| 11/16/18 | Emily Husary, Videographer | $720.00 |
| | Sang Mo Kang, MD | $3,750.00 |
| | Deborah Doherty, MD | $15,516.67 |
| | Debbie Morikawa | $14,400.00 |
| 11/16/18 | Carol Hyland | $627.00 |

| 11/16/18 | Litigation Services | $380.00 |
| | Kristina Kury, MD | $3,750.00 |
| | One Legal | $1,000.00 |
| 11/21/18 | Strategic Consulting | $3,439.92 |
| | Strategic Consulting | $5,617.50 |
| | Strategic Consulting | $100.00 |
| | Lien Attorneys | $2,000.00 |
| 11/25/18 | Litigation Services | $55.00 |

| | |
| --- | --- |
| TOTAL COSTS THIS INVOICE: | $77,626.36 |
| BALANCE FROM LAST INVOICE: | $420,265.92 |
| TOTAL COSTS ADVANCED: | $497,892.28 |
| **TOTAL DUE/CREDIT BALANCE:** | **$497,892.28** |



**SAGE**
SETTLEMENT CONSULTING

## FINAL STRUCTURED SETTLEMENT BENEFITS FOR
### A▬▬ Huerta
### Date of Birth: October 22, 2007

### Benefits Provided By
### The Prudential Insurance Company of America

| | Cost | Guaranteed Benefits |
|---|---|---|
| **Education Fund**<br>$10,000.00 semi-annually, guaranteed 5 years, beginning 07/01/2026. Last payment due 01/01/2031. | $73,373.34 | $100,000.00 |
| **Supplemental Monthly Income: Age 18 to 25**<br>$1,000.00 monthly, guaranteed 7 years, beginning at 18 (10/22/2025). Last payment due 09/22/2032. | $60,655.38 | $84,000.00 |
| **Guaranteed Lump Sum Payments**<br>$20,000.00 guaranteed lump sum payable at age 18 (10/22/2025). | $16,459.39 | $20,000.00 |
| $25,000.00 guaranteed lump sum payable at age 25 (10/22/2032). | $15,798.28 | $25,000.00 |
| $63,244.21 guaranteed lump sum payable at age 30 (10/22/2037). | $33,713.61 | $63,244.21 |
| **TOTAL** | **$200,000.00** | **$292,244.21** |

| Company Ratings | |
|---|---|
| **Ratings Service** | **The Prudential Insurance Company of America** |
| A.M. Best | A+XV |
| Standard & Poor's | AA- |
| Moody's | A1 |
| Fitch (formerly Duff & Phelps) | A+ |

The future payment amounts outlined above are guaranteed based upon a projected annuity purchase date of June 1, 2019.  Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts that shall be recorded in the settlement agreement and release, qualified assignment document and annuity contract without the need of obtaining an amended Petition/Court Order up to 180 days after original purchase date.

Assignment:   Santa Rosa Memorial Hospital's and/or its Insurer's obligation to make the periodic payments described herein shall be assigned to Prudential Assigned Settlement Services Corporation (PASSCorp) ("Assignee") through a Qualified Assignment and funded by an annuity contract issued by The Prudential Insurance Company of America ("Annuity Issuer"), rated A+XV by A.M. Best. To fund the periodic payments, Santa Rosa Memorial Hospital and/or its Insurer will issue a check in the amount of $200,000.00 payable to PASSCorp and execute the Qualified Assignment and Release Agreement.

January 16, 2019
**John Vaclavik**
**(916) 591-3539**
**Case Manager: Brandy Turner ● (979) 270-5023**

# EXHIBIT 4



### SAGE
SETTLEMENT CONSULTING

## FINAL STRUCTURED SETTLEMENT BENEFITS FOR
## R██████Huerta
## Date of Birth: January 6, 2005

### Benefits Provided By
### Metropolitan Tower Life Insurance Company

|  | Cost | Guaranteed Benefits |
|---|---|---|
| **Guaranteed Lump Sum Payments** |  |  |
| $20,000.00 guaranteed lump sum payable at age 18 (01/06/2023). | $18,859.00 | $20,000.00 |
| $30,000.00 guaranteed lump sum payable at age 21 (01/06/2026). | $24,832.20 | $30,000.00 |
| $40,000.00 guaranteed lump sum payable at age 24 (01/06/2029). | $29,068.80 | $40,000.00 |
| $50,000.00 guaranteed lump sum payable at age 27 (01/06/2032). | $32,156.50 | $50,000.00 |
| $163,980.29 guaranteed lump sum payable at age 30 (01/06/2035). | $95,083.50 | $163,980.29 |
| **TOTAL** | **$200,000.00** | **$303,980.29** |

| Company Ratings ||
|---|---|
| **Ratings Service** | **Metropolitan Tower Life Insurance Company** |
| A.M. Best | A+XV |
| Standard & Poor's | AA- |
| Moody's | Aa3 |
| Fitch (formerly Duff & Phelps) | AA- |

The future payment amounts outlined above are guaranteed based upon a projected annuity purchase date of June 1, 2019.  Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts that shall be recorded in the settlement agreement and release, qualified assignment document and annuity contract without the need of obtaining an amended Petition/Court Order up to 180 days after original purchase date.

Assignment:   Santa Rosa Memorial Hospital's and/or its Insurer's obligation to make the periodic payments described herein shall be assigned to MetLife Assignment Company, Inc. ("Assignee"), through a Qualified Assignment and funded by an annuity contract issued by Metropolitan Tower Life Insurance Company ("Annuity Issuer"), rated A+XV by A.M. Best. To fund the periodic payments, Santa Rosa Memorial Hospital and/or its Insurer will issue a check in the amount of $200,000.00 payable to MetLife Assignment Company, Inc. and execute the Qualified Assignment and Release Agreement.

January 16, 2019

**John Vaclavik**
**(916) 591-3539**
**Case Manager: Brandy Turner**
**(979) 270-5023**