**Douglas C. Fladseth**   (Bar No. 083420)
**LAW OFFICE OF DOUGLAS C. FLADSETH**
1160 North Dutton Avenue, Suite 180
Santa Rosa, California 95401
Telephone: (707) 545-2600
Fax: (707) 545-0552
fladseth@aol.com

**Attorneys for Plaintiffs**

UNITED STATE DISTRICT COURT

Northern District of California

| | |
|---|---|
| JOSE HUERTA, SMH, RH and AH, | Case No. 3:16-cv-02645-SI |
| Plaintiffs, | **SUPPLEMENTAL BRIEF TO PETITION TO APPROVE COMPROMISE OF PENDING ACTION AND DISPOSITION OF PROCEEDS OF JUDGMENT/MINOR** |
| vs. | |
| SANTA ROSA MEMORIAL HOSPITAL, ST. JOSEPH HEALTH and DOES 1-50, inclusive, | |
| Defendants. | Date: March 15, 2019
Time: 10:00 a.m.
Courtroom: 1, 17th Floor |
| | Hon. Susan Illston |

TO THE HONORABLE SUSAN ILLSTON, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

It is just come to our attention from counsel for the treating doctors and their group Chase Dennis and their affiliate Team Health that the $500,000.00 settlement that they are paying on behalf of their clients may be subject to a different attorney fee calculation.

The proposal that we have submitted to date calls for a 1/3 attorney fee on the gross recovery.

Counsel indicates that his clients would not be paying any settlement based on EMTALA.

As such to the extent the $500,000.00 is being paid solely for medical malpractice it may be subject to the MICRA limitations of California Business and Professions Code Section 6146.

This could result in a lower attorney fee on the $500,000.00 and thus more for the clients.

Preliminary research indicates that in a hybrid case involving both medical malpractice and some other tort that is not limited by MICRA that there is some precedent for calculating the fee based on the non-MICRA recovery. In *Waters v. Bourhis* (1985) 40 Cal.3d 424 where both MICRA and non-MICRA causes of action were joined in one proceeding the court found no basis for limiting the fee that the attorney may permissibly obtain for successfully litigating the non-MICRA claim (at p. 437). Further: "Accordingly, when a plaintiff pursues and recovers on a non-MICRA cause of action, it is reasonable to conclude that 6146's attorney fee limits should not apply, even if the plaintiff at the same time succeeds in a separate MICRA cause of action" (at p. 437).

*Waters* was apparently against a single defendant and was settled. The court noted the difficulty of otherwise making an allocation. The court concluded: "For this reason, we conclude that when a plaintiff knowingly chooses to proceed on both non-MICRA and MICRA causes of action and obtains a recovery that may be based on a non-MICRA theory, the limitations of Section 6146 should not apply."

In our case to the extent the doctor related defendants can impose MICRA that may call for a different conclusion. EMTALA is based on the actions or inactions of the ER doctor defendants. However federal law provides for hospital liability. Because the case was settled it was never determined if the doctor defendants might be subject to non-MICRA liability including punitive damages, the possibility of revisiting the dependent adult abuse claim based on the recent California Supreme Court case of *Stewart v. Superior Court* (2017) 16 Cal.App.5th 87 or based on other recent California laws such *So v. Shin* (2013) 212 Cal.App.4th 652. It is also not clear that the Team Health defendant is subject to MICRA.

The case of *Romar v. Fresno Community Hospital* and Medical Center (2009) U.S. LEXIS 50928 hearing on minor's compromise and fee determination and (2008) 583 F. Supp. 2d 1179 is a hybrid EMTALA and medical malpractice case that also involved a minor's compromise. The court approved an across the board 1/3 attorney fee. The complaint contained allegations against the hospital and also apparently against the ER doctor named in the caption of

the complaint. It is not known if the doctor contributed to the settlement. A call and email to that counsel earlier today may yet allow us to obtain that information.

As in a *Romar* we do have the permission of our client for a 1/3 across-the-board attorney fee as indicated in the attached declaration of plaintiff Jose Huerta.

Nonetheless it is of course for the court to determine if such a fee is appropriate consideration for the minor's interest in this case for the pending proposed compromise settlement agreement.

If there is to be a separate consideration for the $500,000.00 the next question would be how that should be done. If hypothetically MICRA applied to the first $500,000.00 recovered then virtually nothing would be recovered by client nor counsel since the costs are $497,000.00 and they must be deducted before client or attorney are entitled to any recovery. If the $500,000.00 is applied to the last $500,000.00 recovered then the attorney fee of the marginal recovery will be limited to 15% of that last $500,000.00. Also some portion of the costs would need to be allocated to the $500,000.00 recovery which would have to be deducted before the 15% is applied.

Perhaps some form of prorated allocation attributing a share of the costs is appropriate.

In any event we are agreeable of course to the preference of the court.

All concerned would greatly appreciate wrapping this matter up sooner rather than later. If further allocation to the clients is necessary we propose a simple cash payment from the recovery to the clients as the court sees fit. That will hopefully avoid having to revisit the multiple structured settlements and liens and the special needs trust.

Respectfully Submitted,

DATED:  March 13, 2019            LAW OFFICES OF DOUGLAS C. FLADSETH


                                  _____/S/_____
                                  DOUGLAS C. FLADSETH
                                  Attorney for Plaintiffs