UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA GUTIERREZ, *et al.*, <br> Plaintiffs, <br> v. <br> SANTA ROSA MEMORIAL HOSPITAL, *et al.*, <br> Defendants. | Case No. 16-cv-02645-SI <br><br> **ORDER RE: FEE PETITION** |

Plaintiffs recently filed a Supplemental Petition concerning approval of their pending minors' compromise. Dkt. 201. The Court finds that this matter may be decided without oral argument and VACATES the April 26, 2019 hearing.

As the Court has already indicated, it approves the proposed settlement and finds that the amounts are fair. The current issue concerns only the amount of plaintiffs' counsel's attorney fees and costs. As the Court indicated at the last hearing, the Court finds that it would be unreasonable and unfair to award counsel fees on the gross amount of the settlement, before repayment of costs. It is actually unlawful to award fees on the gross amount when computing fees pursuant to MICRA, see Section 6146 of the Business and Professions Code. With respect to the EMTALA portion of this minors' compromise, no similar rule applies, but the Court finds that fairness to the minors in this case requires similar treatment.[1]

---

[1] Plaintiffs' counsel argues that other cases have awarded fees on gross recoveries, citing specifically to *Nephew v. Santa Rosa Memorial Hospital, et al.,* 15-1684. That opinion, concerning a settlement quite different from this one, did not focus on the question of whether the fee was to be calculated before or after repayment of costs, and in any event involved only $5280 in costs. Whether other courts have approved such a methodology in other cases does not affect the Court's opinion that in this case, it would be unreasonable and unfair to the minors to compute

In this action, the parties have allocated $500,000 of the recovery to professional malpractice claims, which are subject to California's MICRA fee guidelines, and $3,300,000 of the recovery to the EMTALA claims, which are not subject to similar strictures. From these amounts, counsel are to be reimbursed for their out-of-pocket costs, amounting to approximately $497,000.

At the last hearing, the Court suggested repaying all of the costs out of the $500,000 MICRA portion of the settlement, leaving only $3000 in recovery which would generate a 40% fee of $1200. The $3,300,000 EMTALA portion would yield $1,100,000 in fees. Thus the total fee would be $1,101,200.

Plaintiffs' Supplemental Petition suggests three other approaches to determining fees, but in each option counsel seeks to obtain fees on the gross EMTALA fees, before repayment of costs. When fees are (properly) computed on the net recovery after repayment of costs, the other approaches suggested actually generate fees lower that the Court's approach.[2]

The Court will award plaintiffs' fees in accordance with its original suggestion (which was made for simplicity), or in accordance with either of plaintiffs' "options," but will only compute the fees after costs have been deducted. **Plaintiffs' counsel shall submit a proposed order/judgment to this effect, no later than March 29, 2019.**

**IT IS SO ORDERED**.

Dated: March 25, 2019

_____
SUSAN ILLSTON
United States District Judge

---

counsel's fee on the gross settlement amount, prior to repayment of costs.

[2] Plaintiffs' Option 1 allocates costs proportionately to the settlement amounts, 13.15% to the MICRA portion and 86.85% to the EMTALA portion. Fees under MICRA would amount to $120,327. Fees under EMTALA would be one-third of $2,868,355 ($3,300,000 reduced by costs of $431,645), or $956,118.33. This would total $1,076,445.30.

Plaintiffs' Option 2 allocates all costs to the EMTALA amounts. This would yield fees on the MICRA portion of $136,666, and on the EMTALA portion of $934,333.33 (one third of $2,803,000, which is $3,300,000 less $497,000). This would total $1,070,999.

Plaintiffs' third option is not appropriate.

2